Jodsb Maesiialt,
delivered the opinion of the Court.
The credits claimed by Hahn in his bill may be divided into three classes, of which two may be distinguished from the third by the fact that the grounds of the former existed before the judgment sought to be enjoined; and the latter have occured since.
Of the first class, are the credits for claims which Hahn, the collector of the 2d regiment Kentucky Militia, exhibits against the regiment, and which exceed the amount of the judgment. Of the second class, are credits claimed for two fines with which he was probably charged in making up the judgment, but which *427 are alleged to have been previously remitted by the Governor, and to have been therefore uncollectable and improperly charged against him.
A judgment,, though entered Ufion a compromise, may be enjoined orredueed if there be fraud, accident or mistake in obtaining it.
The third class consists of credits claimed for fines charged in the judgment, but since remitted, and therefore uncollectable.
It appears, that after a serious contest in the trial of the motion of the paymaster against the collector, they agreed that judgment should be rendered for a sum smaller than that for which the County Court was about to render it, and it seems to have been understood that the judgment so rendered should be a final close of the contest. These facts, though not appearing in the judgment, are alleged in the answer, and proved by witnesses; and the relief sought by the bill is resisted, not only on the merits of the several claims, but also on the ground that the judgment was the result of compromise; and further, that on account of the peculiar nature and subject of the proceeding, the Court' of Equity has no jurisdiction.
But although the subject and the proceeding are peculiar, they are not exempt from the influence of fraud, accident and mistake, and the Court of Equity may relieve against there, if they have effected a judgment even in this proceeding, and although that judgment be the result of a compromise entered into under the same influence. We are of opinion, however,'that the County Court had plenary jurisdiction over all claims and counter-claims which might affect the liability of the collector and its extent; that the mode of assessing and collecting fines and of auditing and paying claims, and of settling with and proceeding against the collec-. tor, being all prescribed by statute, the County Court being authorized to give judgment upon the whole case, the Court of Equity cannot, except upon the ground of fraud, accident or mistake, give relief against a judgment of the County Court in such case, and especially a compromise judgment, either by allowing any credit or deduction which the County Court could not have *428 allowed if brought before it, or by allowing any which, though it might have been allowed by that Court, was not there claimed. The Court of Equity cannot interfere with or disturb and has no right to overrule an adjustment of these accounts fairly made by the authorized tribunal in the prescribed mode, with full' opportunity to both parties to present and support their claims and counter-claims.
The Co’ly Courts have full power to adjust and .settle, and allow or reject, any credits claimed by collectors of militia fines, and render judgment for the true balance ; and the chancellor cannot overhaul and re-adjust settlements, when there has been no fraud, accident or mistake. The remedy is by an exception to the opinion of the Court in rejecting credits claimed, &c.
If there be error in the proceedings of the Court, either in the improper rejection of evidence or in the improper allowance of any claim proved before the Court, the remedy is by bill of exceptions and appeal or writ of error, and not by resort to the chancellor; and if without fraud, accident or mistake, a party has failed to present or prove a claim which he might have established, there is no ground for relief in equity.
This conclusion disposes of the two first classes of credits or deductions claimed by the bill. We will add that, as to the first class, not only is no reason shown for not presenting them in the County Court, unless it be inferred from the fact that if presented they could not have been allowed, but as we understand the facts now presented, the allowance of them to any extent would violate the order of payment according to seniority presented by the statute, (3 Stat. Law, 434,) which the Court of Equity has no more right to do than the County Court had. And as to the second class, which might have been allowed in the County Court, it was probably presented and probably disallowed, but neither is absolutely certain. And if both be assumed, it does not appear that the remission was proved in the County Court, nor is there any allegation of fraud, accident or mistake, by which its establishment by proof was presented; nor, indeed, is it established by proper-evidence in this record. There is, therefore, no ground for relief as to any of these claims. And in fact, the complainant’s own declaration at the time, and shortly after the rendition of the judgment, tend to show that its amount accorded very nearly with his own views of *429 his liability, and no subsequent discovery of facts which should have diminished it, is shown.
A collector of militia fines, against whom judgment has been rendered for failing to collect and pay over according to law, may in chancery obtain a credit for fines rendered and collected by him in consequence of remissions by the Gov-ernorsubsequent to the judgment.
Wickliffe for plaintiff; Hite and Muir for defendant.
The claims for credits of the third class stand on different grounds. They could not have been presented to the County Court, but arise from the remission of fines since the rendition of the judgment. And although it be true that the collector was in default for not having collected these fines before the judgment, and although it may be that he might have collected them afterwards, before they were remitted, yet, as they were finally remitted, the probability is, that a remission would have been granted whenever applied for, and that it would have been obtained whenever the collection was pressed. And not only has the remission put it out of the power of the collector to collect these fines, on which the judgment was in part founded, and thus to remunerate himself pro tanto for the sum to be paid under the judgment, but as it must be presumed that there was just ground for the remission, the inference is that the fines were never in fact justly due. And as it now appears that they ought not to have been coerced, and perhaps could not at any time have been actually coerced, the regiment cannot equitably claim that the collector should be held bound for his failure to collect them. To the extent of these subsequent remissions, therefore, and no further, the complainant was entitled to relief upon his bill and amended bills.
Wherefore, the decree dismissing the bill is reversed, and the cause remanded, with directions to perpetuate the injunction for the amount of the remissions subsequent to the judgment, and to dissolve it-with the «damages as to the residue of the judgment enjoined.