# CHARLESTON.

1873.
January
Term.

MOREHEAD ET AL., vs. DE FORD, ET ALS.

JAMES L. MOREHEAD AND THOMAS LEACH, PLAIN-
TIFFS AND APPELLANTS *against* WILLIAM Y.
DE FORD, SURVIVING PARTNER OF THE LATE
FIRM OF CHARLES D. DE FORD & CO. P. G. VAN-
WINKLE AND R. VANWINKLE, DEFENDANTS AND
APPELLEES.

Decided February 25th, 1873.

## SYLLABUS.

When a debtor, by way of compromise, confessed a judgment for a less
sum, which was accepted in satisfaction of a larger one; and the
debtor seeks relief in a Court of equity because he was entitled to
a credit of which he was not aware, he should allege and prove that,
though he used proper diligence, or such diligence would have
been unavailing, he was by fraud, accident, mistake, or surprise
prevented from ascertaining the fact or from making defence.

When a Plaintiff in equity does not, in his bill, show a case for relief,
whether any exception has been taken or not, an injunction gran-
ted is properly dissolved on the hearing.

1873.
January
Term.

Morehead
et al.,
v.
Dé Ford,
et als.

The case is sufficiently stated in the opinion of the Court.

*Lee & Morrow* for Appellants.

*Okey Johnson* for Appellees,

HOFFMAN, Judge:

The Plaintiffs file with their bill, as part of it, a copy of an agreement of submission, bearing date the 1st of April 1860, purporting to be between DeFord of Baltimore, and Morehead of Parkersburg, and another person collaterally interested, but signed by the latter two alone, and an award thereon signed by the arbitrators; in which papers the earlier facts of the case are apparent. In the agreement, it is recited that DeFord claimed that Morehead owed him $4.456.44, with interest, and that Morehead claimed credits on that amount, of $1.654.99, and a further set off; which credits and set off DeFord denied. And, for the purpose of ending all disputes growing out of the premises, it was agreed that the matters in controversy should be, and they were thereby, referred and submitted to the final award of three persons named as arbitrators, to make their award in writing; and that the submission should be entered of record in the Circuit Court of Wood county, if required by either party. And in a writing, added, it was agreed that if, upon the delivery of the award, Morehead should pay to DeFord $2,000, in cash or its equivelant, and he and another should secure the residue of the sum awarded, as specified, then the submission should not be made a rule of Court. And it was recited that Morehead placed in the hands of the Vanwinkles, the attorneys of De Ford, certain notes endorsed by him, for the aggregate amount of $———, which the attorneys were to collect, and apply the proceeds to the cash payment of $2000. The award was that Morehead should

1873.
January.
Term.

Morehead
ot al.,
v.
De Ford.
et als.

pay to De Ford $4,456.44, with interest from the 17th day of January 1860.

In the bill, the Plaintiffs allege that at the December term of the Circuit Court of Wood county, in the year 1864, Morehead confessed judgment in favor of De Ford for $3,600, and the costs, as a compromise, in full satisfaction of the award bearing date the 13th October 1860. That the Plaintiffs deny the justice of the award, claiming that it is incorrect. That previous to the award certain collaterals were placed in the hands of Vanwinkles the attorneys of De Ford, when collected to be applied to his claim against Morehead. That at the time of the confession of the judgment, the collaterals were handed back to Morehead, by the attorneys, in the presence of the Court, without any endorsement of credit thereon. That Morehead, in accordance with the judgment, paid the interest, and, on the 22nd of December 1866, paid the sum of $3,000, leaving a balance on the judgment, of $600 principal, and interest from the 3d of June 1866. That about that time, in attempting to collect the collaterals, he found that there had been collected on them between $700, and $800, by the attorneys of De Ford. That thereupon he refused to pay more money on the judgment, till he should have credit for the sum so collected. But that DeFord and his attorneys have neglected to credit the money, and have caused execution to issue on the judgment for the balance. The Morehead was compelled to give a forthcoming bond on the execution, (which was forfeited) with Leach his surety ; and at the October term, 1867, of the Court, judgment was obtained on the bond for $1,544 penalty to be discharged by the payment of $772.28 with interest and costs. That execution issued on that judgment on the 19th of November 1867, returnable to January rules 1868, which is in the hands of the sheriff of Wood county. The Plaintiffs therefore pray that De Ford and Vanwinkles, his attorneys, be made defendants, and be re-

1873.
January
Term,

Morehead
et al.,
v.
De Ford,
et als.

quired to answer the bill; and that they may be enjoined from further proceedings on the judgment; and that the Plaintiffs may have other relief.

It seems that on the 16th of November 1867, an injunction was granted by a Judge of the Circuit Court, as prayed for, to take effect on the Plaintiffs filing a bond. But there may be a mistake as to this date. The bond was given. And on the 27th of November 1767, the bill was sworn to, and on the 28th of December was filed.

Afterwards, James M. Stephenson, at his own instance, was ordered to be made a party. Without any amendment of the bill, he appeared and demurred. He also filed his answer, in which he denied most of the allegations of the bill, and alleged that the debt was assigned to him. Vanwinkles also answered, denying most of the allegations. Depositions were taken, some of which are not very clear in themselves or consistent with each other. But these matters are not deemed material to the question now to be decided.

On the 7th of May 1870, the cause was heard on the bill, answers, replications, exhibits and depositions. Whereupon the Court was of the opinion that the Plaintiffs were not entitled to the relief sought, and decreed that the injunction be dissolved.

Morehead appealed.

It is a matter of the deepest interest, not less to the public than to individuals, as far as consistent with a reasonable opportunity to protect the right, either to prevent or terminate contested litigation. Hence compromises of conflicting claims are always highly esteemed and favorably considered. And for the same reason, the judgments of courts having jurisdiction of the subject on which they act, are conclusive between parties, as to the right thereby established—subject, however, to this single qualification. If such compromise or judgment

be vitiated by fraud, or by accident, mistake or surprise that could not have been avoided by the use of reasonable diligence, it is voidable. If either of these casualties results from neglect it will not avail.

When parties to a controversy negotiate an amicable adjustment, good faith requires that each should so act that he may abide the result. So when they bring their respective claims into a court of law, organized and sitting to hear the facts of their cases, and determine their respective rights, it is their duty to use at least ordinary diligence to secure a just and satisfactory decision. When in either case, a party carelessly fails to discover and develop the facts necessary for his intelligent action or adequate defence, he has no claim on a court of equity to relieve him against the consequence of his own negligence.

A judgment by confession, accepted in satisfaction of a larger demand, partakes of the nature, and has more or less the effect of both an ordinary compromise and a judgment rendered at the end of a litigated controversy. It certainly has, to say the least, as grave a sanction and as binding validity, as if it had been recovered upon a verdict.

A party who had a defence at law, but failed to make it, and seeks relief in equity against a judgment, whether confessed or rendered on a contest, should allege and prove facts that constitute a fraud perpetrated by the adverse party in procuring the judgment or preventing the defence; or facts that indicate that though the complainant used proper diligence, or such diligence would not have availed, he was, by accident, mistake or surprise, prevented from discovering important facts, or from adducing material evidence and making adequate defence.—1 Story's Equity, secs. 78, 146–8; Faulkner's Adm'x *vs.* Hanwood, 6 Ran., 125; Slack *vs.* Wood, 9 Gratt., 40; Allen, Walton & Co., *vs.* Hamilton, Id., 255; Shields and others *vs.* McClung and others, decided

1873.
January
Term.

Morehead
et al.,
v.
De Ford,
et als.

by this Court at this term; Hilliard on Injunction, page 204, sec. 55; Hahn *vs.* Hart, 12 B. Mon. 426.

When a Plaintiff does not show on the face of his bill a case for relief, whether any exception has been taken or not, an injunction granted, should be dissolved on the hearing. Cases in 9 Gratt., cited above. Hudson *vs.* Kline, 9 Gratt., 379; Green and Suttle *vs.* Massie, 21 Gratt., 356.

In the case in judgment, the Plaintiffs do not allege that the award was procured by undue means, or that there was partiality in the arbitrators, or any other reason why the award should have been set aside; but they now claim simply that it was unjust and incorrect. They do not show that any objection was made to its justice or validity, either before or at the time when the judgment was confessed.

The Plaintiffs do not allege that it was stated or pretended, or understood by De Ford or his attorneys, that no part of the claims placed in the hands of the latter, had been collected and applied; or that De Ford, in person or by his attorneys, agreed to the compromise, or accepted the judgment for the reduced sum, in satisfaction of the whole amount awarded, without the benefit of what had been paid. They certainly do not show that De Ford, or his attorneys, knew of any objection to the award commensurate with the abatement in the judgment, without estimating what had been paid on the claims; or that he, or they for him, would have accepted the judgment otherwise than as a finality.

Though Morehead had endorsed the claims placed in the hands of De Ford's attorneys to be collected and applied to the part satisfaction of the award, and more than four years and a half had elapsed after he had done so, the Plaintiffs do not indicate that he had made any inquiry of either the attorneys, or the debtors, as to whether the claims, or any part of them, had been paid. Indeed, they do not allege that Morehead was ignorant

1873.
January
Term,

Morehead
et al.,
v.
De Ford,
et als.

of the payment, otherwise than in the statement that the claims were handed back in Court without the endorsement of any credit thereon; and that two years later, in attempting to collect the collaterals he found that parts had been paid.    They do not pretend to explain why Morehead did not sooner ascertain the facts upon the ignorance of which he now bases his claims to relief in equity.

In short the Plaintiffs do not allege any act or intent that constituted fraud on the part of De Ford, or accident, mistake or surprise on the part of Morehead, which might not have been averted by the use of less than ordinary diligence.    They do not, even in terms, allege any such fraud, accident, mistake or surprise.

As the bill is fatally defective, it is not necessary to consider the answers or evidence.

The decree dissolving the injunction will be affirmed with damages and costs, and the cause will be remanded.


HAYMOND, President, and MOORE and PAULL, Judges, concur in the foregoing opinion.