# CHARLESTON.

G. A. CALDWELL *v.* STATE COMPENSATION COMMISSIONER

(No. 6494)

Submitted April 9, 1929.  Decided April 23, 1929.

*Robert E. White,* for relator.

*H. B. Lee,* Attorney General and *R. Dennis Steed,* Assistant Attorney General for respondent.

LIVELY, JUDGE:

The alternative writ requires the Commissioner to pay petitioner the compensation awarded him on September 29, 1928, of $16.00 per week for one hundred eighty weeks, or show cause why he should not do so. Respondent demurred to the petition and moved to quash the writ on the grounds that an appeal from the finding of the Commissioner was the proper and adequate remedy; and that the action of the Commissioner in setting aside the award of September 29, 1928, and refusing the payment of further compensation was quasi judicial; therefore on both grounds mandamus would not lie.

The demurrer and motion to quash are overruled and denied because the petition avers, after giving a history of the case, the cause of the injury, and the result of an appeal to this Court, that the Commissioner took further evidence and made the award of September 29, 1928, paid $1,236.57 thereon and the costs of the appeal, and refused to pay the balance without cause. Under these averments the award being in favor of petitioner, no appeal would lie on his behalf. Why should he appeal from an award in his favor? The averment of the petition is that he has an award for a certain fixed sum which the Commissioner arbitrarily refuses to pay. On demurrer the averments are considered as true. These observations are applicable to the motion to quash on the further ground that the award of the Commissioner "in setting aside and cancelling the award was quasi-judicial," and not controllable by mandamus. The writ negatives a "setting aside and cancelling of the award." It says that petitioner *has* an award of a specific sum which the Commissioner has refused to pay, without any notice to claimant. The demurrer and motion to quash are based on what was actually done, as set out in the return, and not on the facts stated in the petition and writ. The pleader has confused the actual facts with those averred in the petition and those set out in the writ.

In respondent's return to the writ it is averred that after he had made the award of September 29, 1928, and paid the costs of appeal and $1,236.57 on the award, he discovered that claimant's alleged injury was not serious, and that he had already paid a greater compensation than the alleged injury

demanded; that upon further investigation he had discovered that during the months of April, May, June, July and August, 1928, petitioner worked as a coal loader in the mines of the Agee Coal Company every day the mines ran, with one or two exceptions, doing the work of an able-bodied man; and that he worked in the month of September, 1928, for T. H. Wilson Company in its mines loading in that month fifty-five cars of coal, and that his alleged injury gave him no trouble during these workings; that he had practiced fraud in procuring a witness to testify for him before the Commissioner on a promise to pay him $100.00 if he procured an award, and other circumstances showing that petitioner was a malingerer, and not entitled to the compensation of forty-five per cent disability awarded him on September 29, 1928; and having found these facts, he had come to the conclusion that his award was without justification in fact or law, set aside the same, and closed the case by an order entered; a copy of which he mailed to petitioner's counsel on January 22, 1929. The return is buttressed by exhibits which strongly tend to show the truth of the facts set out in the return.

The jurisdiction of the Commissioner over a compensation case is not closed after he has made an award, but is continuing. Chapter 15P, Code, section 40; *Higgins* v. *Coal Co.*, 103 W. Va. 504. In the decision of this Court on the appeal heretofore had *(Caldwell* v. *State Comp. Comr.*, 106 W. Va. 14, 144 S. E. 568) the order of the Commissioner denying compensation on the ground that the injury was not received in the course of or arising out of the employment, was set aside and the case remanded to the Commissioner for the purpose of awarding and paying in accordance with the workman's compensation law. The amount to be awarded and paid was entirely within the judgment and discretion of the Commissioner. Having continual jurisdiction over his award, his finding upon further investigation is not reviewable on mandamus. Petitioner's counsel was promptly advised of the order of January 21, 1929, denying further payment on the award, and was afterwards invited to inspect the files. Without any effort to controvert the new damaging evidence taken after the award was given, this application for mandamus

was filed, which on its face ignores the order of January 21, 1929, setting aside the award of forty-five per cent disability entered on September 29, 1928, for the causes shown in the files. Had the proceedings subsequent to the former appeal been set out in the petition for mandamus, the alternative writ would have been denied, unless it had been shown that the proceeding and order was invalid. Petitioner's remedy was by application for appeal. It is true that the remedy by appeal is in the nature of an exercise of original jurisdiction as by mandamus or prohibition *(United Fuel Co. v. Pub. Ser. Com.,* 73 W. Va. 571, 580) and is governed largely by the same legal principles and procedure, but the return buttressed by the exhibits and affidavits, and not controverted, is a complete defense, and precludes issuance of the peremptory writ.

*Writ denied.*