BERT SAUNDERS *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7255)

Submitted April 19, 1932.   Decided April 26, 1932.

*H. D. Rollins,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for Compensation Commissioner.

LIVELY, JUDGE:

Bert Saunders received serious injuries to his pelvis, March 28, 1928, while working for Stonega Coal & Coke Company, a subscriber to the workmen's compensation fund. After treatment by a physician he made an unsuccessful effort to resume work in the mine about June 1st, and was sent to a hospital at Oak Hill where an X-ray examination showed fracture of the pelvis in four places, and the bones out of proper position at one of the fractures. He was not informed of the seriousness of his injury. Upon his application for compensation, he was awarded total temporary disability for 78 weeks which award expired October 3, 1929. On February 18, 1930, he was awarded 25% partial permanent disability which expired June 3, 1930. Later, on August 26, 1930, his award was increased to 35%, which expired May 7, 1931, when the claim was closed. Upon his application, the claim was re-opened, evidence was taken, and on December 2, 1931, he was awarded a 50% disability which will expire on January 23, 1933. He was not satisfied with this last award, and through counsel, advised the commissioner on December 8, 1931, that he rejected the award and would appeal. By his petition, he claims that he should have been awarded a rating of total permanent disability as of May, 1931.

The claimant is about 47 years old, is uneducated and his vocation is that of a coal miner. His pelvis was broken in four places when he was caught by a "run-away" car against the coal seam. One leg is slightly shorter than the other, and he walks with a limp, more pronounced when going up or down stairsteps. Inguinal hernia has resulted, and he claims impotency from the injury and severe pain at all times.

The point is raised, that the order of December 2, 1931, awarding claimant a 50% partial permanent disability expiring January 23, 1933, is not appealable under Code 1931, 23-5-1; and that point is well taken, for appeals (so-called) to this court under that section are upon awards going to the basis of the claim. *McShan* v. *Heaberlin*, 105 W. Va. 447, 143 S. E. 109; *Meeks* v. *Compensation Commissioner*, 108 W. Va. 68, 150 S. E. 230; *Scott* v. *State Compensation*

*Commissioner,* 111 W. Va. 454, 162 S. E. 483. In the last cited case, this court said: ''Percentages of disability are mere administrative matters of which the commissioner has continuing jurisdiction under Code 1931, 23-4-16; they do not go to the basis of claimant's right to receive compensation from the workmen's compensation fund and therefore are not appealable. * * * At the expiration of the period through which compensation will be paid under the enlargement of disability rating of August 10, 1931 (in the instant case, December 2, 1931), such further order can be made by the commissioner as the case may require.''

But, claimant's counsel realizing that an ''appeal'' may not lie, asks that the petition for appeal be treated as a petition for mandamus, and the commissioner be compelled by mandamus to award claimant permanent total disability. The ''appeal'' to this court provided for in the compensation statute is always regarded as an application to this court to exercise its original jurisdiction as by mandamus or prohibition and is governed largely by the same legal principles and procedure. *United Fuel Gas Co.* v. *Public Service Commission,* 73 W. Va. 571, 580, 80 S. E. 931; *Caldwell* v. *Compensation Commissioner,* 107 W. Va. 272, 275, 148 S. E. 75. Treating the appeal as in the nature of a mandamus proceeding, we have examined the evidence on which the order of December 2, 1931, is based allowing petitioner 50% partial permanent disability expiring January 23, 1933, and do not find that there has been a clear abuse of discretion on the part of the. commissioner. Some of the physicians say from examinations made that in their judgment the claimant should be allowed disability ranging from 65% to 90%. The evidence and written reports of the physicians and surgeons bristle with technical medical and surgical terms which are difficult for one not versed in medicine or surgery to fully understand. It appears that claimant, under contract with a hospital, is entitled to treatment for his hernia; and that treatment may relieve his alleged impotency. Reasonable effort to relieve these causes of disability should be made by the claimant. *Cody* v. *Insurance Company,* 163 S. E. 4, decided this term. The evidence shows that he received a

fracture of the right sacro-iliac joint which has healed with some ankylosis of the articulation. Claimant is evidently very seriously injured, the extent of which, whether permanent and total, is within the discretion of the commissioner to determine under the evidence. And upon the evidence of the physicians, we cannot say that the commissioner has abused his discretion, treating this appeal as a petition for peremptory mandamus.

Pending the payment of the 50% disability expiring in 1933, the hernia and impotency, resulting from the accident, may be relieved or bettered by contract treatment, if deemed advisable. Then, at the expiration of that time, the commissioner, having continuing jurisdiction, may enlarge the award as the result of the injury may dictate in the cause at that time, and as the then situation may warrant. For these reasons, we have concluded to dismiss the appeal, not intending thereby to preclude the applicant from further application, as above intimated.                    *Dismissed.*