THOMAS MAINS, *Inf., etc. v.* THE J. E. HARRIS COMPANY

(CC 585)

Submitted March 1, 1938. Decided March 15, 1938.

*Hoff & Moore, T. M. McIntire* and *K. C. Moore,* for plaintiff.

*Ambler, McCluer & Ambler* and *Robert B. McDougle,* for defendant.

RILEY, JUDGE:

This certificate involves the sufficiency of a special plea, a demurrer thereto having been sustained.

Thomas Mains, an infant, eighteen years of age, instituted an action of trespass on the case against the J. E. Harris Company, a corporation, for damages sustained while in its employ, alleging in his declaration, for purpose of negativing the application of the compensation act, that the defendant, although a subscriber, did

not post or keep posted in conspicuous places about its place of business typewritten or printed notices, or otherwise inform or notify the claimant of its election to make payments into the compensation fund, and, further, that the plaintiff did not otherwise have or obtain knowledge or notice of such fact until after the injury, for which he claims damages.

The defendant, for special plea, avers in plea No. 4 (which embodies, and, by agreement, was substituted for, all former special pleas), among other things, that between the date of the injury and the institution of the foregoing action, a number of applications, on forms furnished by the compensation department, for payment out of the fund of claims for hospital bills and nurse hire "on account of injuries sustained by me and compensation due me on account," etc., were executed by plaintiff, and that checks were issued therefor; that subsequent to institution of the law action, an application for payment of a doctor's bill was filed and paid, and an application made for compensation, with request, in case of an award, that payments be withheld until after disposition of the law action; and that the filing of said several applications, incorporated in said plea, and receipt of benefits thereunder from the fund, constituted an election on the part of the plaintiff, to take under the compensation act, and barred his action at law.

The precise question raised on this certificate, therefore, is whether an infant, who, prior to injury, had neither actual nor constructive notice that his employer was a subscriber to the workmen's compensation fund, may elect, upon notice subsequent to injury, to accept the benefits of the compensation act in lieu of an action at law, and whether the filing of claims prior to the law action amounted to an election. If so, the circuit court was in error in its rulings.

The underlying purpose of our workmen's compensation law (Code 1931, Chapter 23) is to provide a system whereby injuries due to industry may be liquidated and balanced in money in the course of consumption. So, in the interpretation of the law, the interests of the pub-

lic, as well as those of the employee and employer, are to be considered. Our act not only protects the employer against the risks and hazards in actions at law and the burden and expense of such litigation and counsel fees, but in many cases affords the employee the only means of compensation. It also provides for immediate medical attention and hospitalization. *Long Flame Coal Co.* v. *State Compensation Commissioner*, 111 W. Va. 409, 163 S. E. 16; *Rhodes* v. *J. B. B. Coal Co.*, 79 W. Va. 71, 90 S. E. 796.

An employer, after notice, either actual or constructive, to his employees of his election to pay into the workmen's compensation fund (Code 1931, 23-2-6, 7), is thereby relieved from any and all civil responsibilities at common law, growing out of or in any way connected with the injury or death of an employee remaining in his service. *Daniels* v. *Charles Boldt Co.*, 78 W. Va. 124, 88 S. E. 613; *Adkins* v. *Hope Engineering, etc., Co.*, 81 W. Va. 449, 94 S. E. 506; *Maynard* v. *Island Creek Coal Co.*, 115 W. Va. 249, 175 S. E. 70. So, where such notice has been given, every employee, not protesting, is bound, and must look to the fund. But what of the employee who, although his employer was a subscriber, received no notice thereof until after the injury? Is he left solely to his action at law, or may he be permitted, if he so chooses, to pursue the beneficence of the act? The employer, in the instant case, is entitled, so far as the fund is concerned, to have payments made to all employees who have been injured in the course of and resulting from their employment, and the public is interested in having such employees cared for. The right to participate, therefore, is present, provided the injured employee desires to avail himself of the benefits of the fund. Surely, the object of the act was not to exclude an employee from its protection simply because of lack of prior notice. It was through notice prior to injury and election to remain in the master's employ that the common law right of action was to be abrogated. We see no reason why an adult, under circumstances similar to those presented in the instant case, upon receipt of notice of the fact that

his employer, at the time of accident, was a subscriber, could not waive prior notice, and elect to avail himself of the beneficence of the act in lieu of the action at law, which, due to want of such prior notice, was left open to him. *Long Flame Coal Co.* v. *State Compensation Commissioner, supra; McVey* v. *Chesapeake, etc., Tel. Co.*, 103 W. Va. 519, 138 S. E. 97. While the filing of the proofs of claim does not charge an injured employee with notice prior to the injury (as appears from the language used in *Rhodes* v. *J. B. B. Coal Co., supra)*, it does, in fact, show that such employee, after the injury, had actual notice that the employer was a subscriber to the fund. The filing of proofs of claim under circumstances similar to those presented here, *ipso facto*, constitutes an election, which precludes an employee from a subsequent action at common law. Such conclusion is not inconsistent with our holding in *Adams* v. *Kentucky, etc., Power Co.*, 102 W. Va. 66, 135 S. E. 662, 50 A. L. R. 217, which was under section 52 (application of act to interstate commerce), chapter 15-P, Code 1923 (Code 1931, 23-2-10).

But what of an employee who has not reached his majority? May he waive lack of notice as effectively as an adult? Claimant says "No!" He takes the position that the failure to give notice prior to the accident left him outside the act, so far as an election of remedies was concerned, and that the filing of the several applications and the acceptance of benefits from the fund should be given no more consideration than a settlement out of court at common law; that only a judgment in an action at law by his next friend would be binding upon him.

Mains was clearly of an age when he could lawfully be permitted to work without any special permit or license. If he had had notice, actual or constructive, prior to the injury, and he remained in the employ of defendant, he would be bound as fully as any adult employee (Code 1931, 23-2-6), and required to look to the compensation fund, and that alone. But, did the legislature intend that in absence of such notice such minor should revert to his common law status? Be denied the right of election as

to remedies? We think not. The definition of employees, as used in the compensation act (Code 1931,23-2-1, *et seq.*), when construed with Code, 21-6-1, 2 (dealing with child labor), contemplates and covers infants lawfully employed. *Rhodes* v. *J. B. B. Coal Co., supra.* And, as pointed out in *Adkins* v. *Hope Engineering Co., supra,* nothing prohibits an employer who qualifies under the compensation act from engaging the services of a minor; nor, except when expressly prohibited by law, is such employment unlawful. For purposes of election between remedies, we are of opinion that plaintiff herein stands on an equal footing with an adult, and to that extent he is *sui juris. Rhodes* v. *J. B. B. Coal Co., supra.*

We, therefore, are of the opinion that the demurrer should be overruled and the defendant's special plea No. 4 upheld, and so certify.

*Ruling reversed; demurrer overruled.*