JOSEPH ANDREW WHITED

*v.*

STATE COMPENSATION COMMISSIONER, *et al.*

(No. 10054)

Submitted September 1, 1948. Decided October 5, 1948.

*Crockett & Tutwiler,* and *H. R. Hawthorne,* for appellant.

*Hillis Townsend* and *W. J. Thompson,* for appellee.

LOVINS, JUDGE:

On October 16, 1947, the State Compensation Commissioner made an award to Joseph Andrew Whited, hereinafter referred to as "claimant", in the sum of sixteen hundred dollars for silicosis in the second stage. The order of the commissioner was affirmed by the Workmen's Com-

pensation Appeal Board on February 7, 1948, and, on application of The Pocahontas Corporation, employer of claimant, hereinafter referred to as "employer", this Court granted an appeal from the order of the board.

Under date of January 15, 1947, claimant filed with the commissioner his application for compensation for silicosis.

The employer's report having been theretofore filed, the commissioner, on February 24, 1947, entered an order placing the claim on the hearing docket "* * * for the purpose of producing evidence on the nonmedical questions * * *." The hearing on the nonmedical questions was held on May 6, 1947, and on July 22, 1947, the commissioner made, substantially, the following findings: (1) That claimant had been employed by employer since August 22, 1939; (2) that the duties of claimant's employment were those of motorman; (3) that claimant had been employed in coal mines since 1903; (4) that claimant did not wilfully expose himself to silicon dioxide dust; (5) that the average weekly earnings of claimant at the time of his application exceeded twenty-seven dollars; and (6) that claimant is still employed by employer, so that the last date of injurious exposure is not determined. Pursuant to the foregoing findings, the commissioner, by the same order, referred the claim to the silicosis medical board for its review and disposition.

Upon review of the claim the silicosis medical board found in substance: (1) That claimant was suffering from silicosis in its second stage; and (2) that "* * * claimant had sufficient exposure to silicon dioxide dust in * * * employment to have produced or to have perceptibly aggravated a pre-existing silicosis, and that his harmful exposure continued up to within one year of the date of the filing of his application * * *."

The commissioner notified claimant and employer by letter on September 11, 1947, of the findings of the silicosis medical board, and further notified them that either had fifteen days within which to file objections to the findings.

No objections having been made, the commissioner, on October 16, 1947, entered an order granting claimant an award of compensation benefits in the amount of sixteen hundred dollars, as above stated.

A letter bearing date November 14, 1947, addressed to the Secretary of the Workmen's Compensation Commission, advised the commissioner that claimant had died on October 12, 1947, and further stated: "We have the check for $1,600.00, and desire to return it and appeal from the Commissioner's order of October 16, if necessary." The name of the employer's counsel is typed at the bottom of that letter.

The secretary of the commission, on December 5, 1947, forwarded to counsel for employer blank forms to be prepared and filed for an appeal to the Workmen's Compensation Appeal Board. Such forms were completed and filed with the commissioner on January 9, 1948.

The employer now contends that the commissioner was without authority to make an award of compensation benefits for second stage silicosis after claimant's death.

Although not raised in the briefs or arguments of counsel, we think it necessary first to consider and determine whether an appeal was perfected from the order of the State Compensation Commissioner to the Workmen's Compensation Appeal Board. This Court may take cognizance of the lack of jurisdiction of an inferior appellate tribunal when, as here, the question fairly arises on the record. *Gapp* v. *Gapp,* 126 W. Va. 874, 30 S. E. 2d 530. See *Buskirk* v. *Ragland,* 65 W. Va. 749, 752, 65 S. E. 101; *Cresap* v. *Kemble,* 26 W. Va. 603, 606.

An appeal from an order of the State Compensation Commissioner to the appeal board lies as a matter of right. Acts of the Legislature, Regular Session, 1945, Chapter 131, Article 5, Section 3. But that statute provides that the party prosecuting such appeal "* * * shall file a written notice of appeal with the compensation commissioner, directed to such board, within thirty days after receipt of

notice of the action complained of, or in any event, regardless of notice, within sixty days after the date of the action complained of * * *."

In this case the commissioner acted on October 16, 1947. It is obvious that the employer had notice of it on or before November 14, 1947, but did not file any notice of appeal until January 9, 1948, which was eighty-five days after the commissioner had made the award. Applying either the thirty-day provision or the sixty-day provision of the statute above quoted, the time had expired for the taking of such appeal.

Was the letter written by employer to the commissioner under date of November 14, 1947, a sufficient notice of an appeal? It will be observed that the letter does not state that the employer would take an appeal, but made the equivocal statement that an appeal would be taken "if necessary". It is plain that the letter was not a sufficient notice of an appeal under the statute, and accordingly we hold that no appeal was taken from the order of the commissioner to the appeal board.

We think that the situation presented by this record is analagous to an abortive writ of error or appeal from a statutory court of record to a circuit court. The order of the appeal board is void since no appeal from the commissioner's order was taken. But notwithstanding that the order of the board is void, this Court may assume jurisdiction for the sole purpose of adjudicating that the board's order is void. See *State* v. *McLane,* 128 W. Va. 774, 38 S. E. 2d 343, and cases therein cited. The order of the Workmen's Compensation Appeal Board is accordingly reversed.

The contention of the employer that the commissioner is without authority to make an award of compensation for silicosis in the second stage after claimant's death was never determined by the commissioner. Only indirectly was that question determined by the appeal board, and that determination was ineffectual for the reason that the question was never properly before the appeal board. Ac-

cordingly, we refrain from discussing or determining the question raised by such contention.

However, it should be pointed out that Section 1-c, Article 5, Chapter 137, Acts of the Legislature, 1939, provides as follows: "In any case wherein an employer makes application in writing for a modification of any award previously made to an employee of said employer, and such application discloses cause for a further adjustment thereof, the commissioner shall, after due notice to the employee, make such modifications or changes with respect to former findings or orders in such form as may be justified, and any party dissatisfied with any such modification or change so made by the commissioner, shall upon proper and timely objection, be entitled to a hearing as provided in section one of this article." The statute above quoted is sufficient authority for further consideration of this claim by the commissioner upon proper application.

While we do not consider the letter from employer's attorney, dated November 14, 1947, sufficient as "an application in writing for a modification" of an award previously made, as provided by said section, nevertheless, we do think it could have been treated as a suggestion to the commissioner of claimant's death, on which a proper application for modification could have been based. Accordingly, this claim is remanded to the commissioner.

*Reversed and remanded.*