126 S.E.2d 379 (1962)
James W. TURNER
v.
STATE COMPENSATION COMMISSIONER and New River & Pocahontas Consolidated Coal Co.
No. 12132.
Supreme Court of Appeals of West Virginia.
January 30, 1962.
Submitted on Rehearing May 29, 1962.
Decided on Rehearing June 26, 1962.
*380 Mahan, Higgins, Thrift & Graney, Patrick C. Graney, Jr., Fayetteville, for appellant.
R. L. Theibert, Charleston, for appellees.
*381 BROWNING, Judge.
On January 30, 1962, this Court handed down the foregoing opinion in this case, reported in 123 S.E.2d at page 880, reversing the order of the Workmen's Compensation Appeal Board of July 10, 1961, and the order of the State Compensation Commissioner of March 14, 1961, awarding the claimant compensation benefits for silicosis in the first stage. That decision was unanimous, although Judge Given, since deceased, filed a concurring opinion in which Judge Berry joined. Thereafter, on the first day of March, 1962, counsel for the claimant filed a petition for rehearing which was granted by this Court on May 1, 1962. In the order granting the rehearing this Court directed that upon such rehearing three questions be briefed and argued: (1) the period of limitation in which to file a claim for silicosis benefits; (2) the period of limitation beyond which, when benefits are allowed and the charges therefor are allocated among multiple employers, such benefits may not be charged against a former employer; and (3) the chargeability of such benefits against the surplus compensation fund provided for in Code, 23-3-1, as amended, in the event they may not be charged against any employer or employers.
Pursuant to the rehearing order, briefs were submitted and the case was reargued on May 29, 1962, by counsel for the claimant and the employer.
It is apparent from the briefs and argument of opposing counsel that they are in agreement that an application for silicosis benefits must be filed within two years after the last exposure of the claimant to silicon dioxide dust in harmful quantities. They are also apparently in agreement that Code, 23-4-1 and Code, 23-4-15b pertain only to the allocation of charges where there are multiple employers within the two-year period prior to the filing of a claim for benefits, and that any such charges may not be assessed against an employer totally without the two-year period immediately preceding the filing of claimant's application. Counsel for the claimant, in brief and argument, as well as counsel for the employer, are emphatic in their contentions that no award to this claimant could be charged to the surplus fund. Code, 23-3-1, as amended, provides: "* * * such surplus fund shall be sufficiently large to cover the catastrophe hazard, the second injury hazard, and all losses not otherwise specifically provided for in this chapter." See upon this question Rogers v. State Compensation Commissioner (Martin v. State Compensation Commissioner), 140 W. Va. 376, 84 S.E.2d 218, particularly this quotation from the opinion in those consolidated cases: "It is obvious that a claim for compensation for silicosis in the first stage does not relate to catastrophe hazard within the statutory definition of a catastrophe. See State ex rel. Mountain Fuel Company v. Trant, [138] W.Va. [737] 77 S.E.2d 608. It is also manifest that a claim for compensation for silicosis in the first stage does not involve a second injury hazard or a loss not otherwise specifically provided for in the statute. In consequence the surplus fund is not subject to a claim for compensation for silicosis in the first stage and such claim may not be charged against or paid from that fund." As heretofore stated, counsel for the opposing parties in this case are agreed that such statement is correct as applied to the facts in this case. It is ably contended by counsel for the claimant that the legislative intent of the phrase, "* * * or have suffered a perceptible aggravation of an existing silicosis, in this State * * *", contained in Code, 23-4-1, as amended, was to limit the "perceptible aggravation" requirement of this section to those claimants who have previously contracted silicosis outside the state and who thereafter come into the state to work. However that may be, the section as written provides for the disbursement of the compensation fund to such employees as "have been exposed to *382 the hazard of silicon dioxide dust or to any other occupational hazard, and have contracted silicosis or other occupational disease, or have suffered a perceptible aggravation of an existing silicosis, in this State * * *" (Italics supplied) and such intention to so limit the section is not expressed. To the contrary, the words used clearly and unambiguously require that an existing silicosis, wherever contracted, be perceptibly aggravated in this state to entitle a claimant to benefits therefor. The Constitution of this State gives this Court the power to interpret, construe and in a proper case apply the Acts of the Legislature. Only the Legislature can enact laws under that document.
Under the provisions of the Workmen's Compensation Law, when a claimant for compensation files his application he must of necessity be employed or have been last employed by one specific employer. It is that employer that becomes the "defendant" in the case unless further information shows that under the applicable provisions of Article 4 other employers by whom the claimant was employed and who may be affected by any award made to the claimant are added as "defendant" employers. However, this does not mean that the burden of proof is upon the claimant to show the precise month or year that his pre-existing silicosis was aggravated or the employer with whom he was employed at the time of such "perceptible aggravation". As heretofore stated, Sections 1, 8c and 15b of Article 4, Chapter 23 of the Code of West Virginia, as amended, are pari materia and under the provisions of Code, 23-4-1, as amended, "An application for benefits on account of silicosis shall set forth the name of the employer or employers and the time worked for each, and the commissioner may allocate to and divide any charges on account of such claim among the employers by whom the claimant was employed for as much as sixty days during the period of two years immediately preceding the filing of the application. The allocation shall be based upon the time and degree of exposure with each employer." This Court can only pass upon the issues which are before it in a particular case and certainly it would not be advisable to speculate upon all of the possible hypothetical cases that might arise under the provisions of the sections of the Code which relate to silicosis. To repeat, the evidence is clear and uncontradicted that this claimant had silicosis in the first stage when he was employed by the New River and Pocahontas Consolidated Coal Company. The evidence is equally clear and uncontradicted that between the date of such employment and the date that he filed his application for silicosis benefits there has been no perceptible aggravation of his silicotic condition. In the absence of evidence to the contrary and consistent with the holding in Henley v. State Compensation Commissioner, 129 W.Va. 15, 38 S.E.2d 380, if at the time the claimant filed his application for benefits there was a perceptible aggravation of his condition an inference might arise which would support a finding in favor of the claimant. This is the language used in the Henley case, quoting from Jones v. State Compensation Commissioner, 128 W.Va. 737, 740, 38 S.E. 2d 376: "In the absence of any showing of a change in conditions in the mine, we think it reasonable to assume that his injurious exposure to silicon dioxide dust in harmful quantities continued to the date he ceased work." And perhaps in a hypothetical case there could be an "assumption" with reference to certain other applicable sections of Article 4 relating to silicosis. It should be observed, however, that the word "assumed" was used in the Henley case and that there is a difference between an assumption, an inference and a presumption.
This Court has consistently applied the liberality rule in interpretation of evidence in Workmen Compensation cases. However, it has just as firmly held, as it did in Williams v. State Compensation Commissioner, 127 W.Va. 78, 31 S.E.2d 546, *383 that "* * * while informality in the presentation of evidence is permitted in compensation cases, and, under many decisions of this Court, a rule of liberality * * * will be invoked in appraising the evidence presented, still the burden of establishing a claim rests upon the one who asserts it, and no rule of liberality will take the place of required proof."
This Court, therefore, adheres to the decision arrived at on the former hearing of this case; however, in the opinion and the syllabus it has attempted to clarify the exact point decided herein.
While this Court has held in Horner v. Amick, 64 W.Va. 172, 61 S.E. 40, and in several other cases, that Section 5, Article 8 of the Constitution of this State, which provides: "When a judgment or decree is reversed or affirmed by the supreme court of appeals, every point fairly arising upon the record of the case shall be considered and decided; and the reasons therefor shall be concisely stated in writing and preserved with the record of the case; and it shall be the duty of the court to prepare a syllabus of the points adjudicated in each case concurred in by three of the judges thereof, which shall be prefixed to the published report of the case.", is only directory in that it does not require this Court to "rehash again and again principles found in former decisions and constituting well settled law", in retrospect it can be observed that such was not true in the case of Kelly v. State Compensation Commissioner and Gulf Mining Co., and it is unfortunate that that case was decided by an order of this Court, entered on May 1, 1956, which does not appear in either the West Virginia or South Eastern Reports. Furthermore, it is apparent from our docket and from briefs and argument of counsel that there will be many more cases which may or may not be controlled by the Kelly order and the opinion in this case. If in any of those cases the facts are such as to distinguish it from the Kelly and the instant case and call for a contrary conclusion, it is the view of the writer of this opinion that such case should not be decided by an order.
Reversed and remanded.
Judge LESLIE E. GIVEN died before resubmission on rehearing.
Judge CAPLAN participated in the decision on rehearing, voting with the majority.
BERRY, Judge (dissenting).
Upon the rehearing of this case, I respectfully dissent from the majority opinion and would affirm the orders of the State Compensation Commissioner and the Workmen's Compensation Appeal Board allowing compensation to the claimant.
The concurring opinion written by Judge Given, now deceased, in which I joined, heretofore, filed in this case and reported in 123 S.E.2d 880, is not only approved by me on the rehearing, but I now assign another reason to support my dissent from the majority opinion in the rehearing of this case.
The majority opinion admits that the claim for compensation benefits was timely filed by the claimant, i. e., within two years from the last harmful exposure, in compliance with the provisions of Code, 23-4-15, as amended, and also admits that the claimant has contracted silicosis in this state and therefore complies with the provisions of Code, 23-4-1, as amended, but holds that he is not entitled to compensation. It is my opinion that this construction of the statute would make it meaningless.
The purpose of the statute was to provide for the payment of compensation to workmen who contracted silicosis in their work in this state. To hold now that a workmen, who had contracted silicosis while working in this state and who had never been paid for same, is not entitled to compensation, although his claim was filed *384 within the time required for filing of such claim, does not appear to be within the purpose and meaning of the statute.
The majority opinion holds that if a claimant has contracted silicosis in this state before working for the last employer or employers he must show perceptible aggravation before he is entitled to compensation. I am of the opinion, as stated in the concurring opinion heretofore filed in this case, that if a claimant who has already contracted silicosis in this state and is later subjected to silicon dioxide dust in harmful quantities, perceptible aggravation may be presumed in order to allow compensation benefits where the claim is timely filed. See Henley v. State Comp. Com'r., 129 W. Va. 15, 38 S.E.2d 380. The refusal to allow compensation benefits in such cases as the one at bar is based on chargeability, the reason being that if the claimant did not contract silicosis while working for an employer, or if silicosis already contracted was not aggravated while working for such employer or employers, they should not be charged with the payment of compensation benefits. This, in my opinion, would create a loss not otherwise specifically provided for and would come within the purview of the provisions of the surplus fund, Code, 23-3-1, as amended, and payment could be made in such cases from such fund. This would alleviate the necessity of holding that a person contracting silicosis while working in this state for the statutory period, and filing his claim for benefits within the time prescribed by the statute, could not receive benefits therefor.
To allow compensation benefits in such cases would not be in conflict with the holding in the case of Rogers v. State Comp. Com'r., 140 W.Va. 376, 84 S.E.2d 218. The Rogers case merely held that a claim for compensation for silicosis in the first stage should not be charged against the surplus fund when it can properly be charged against the account of the employer.