## DEZERENE v. UNITED STATES.

District Court, S. D. New York.

Jan. 8, 1945.

Paul C. Matthews, of New York City, for libelant.

John F. X. McGohey, U. S. Atty., of New York City (Dow & Symmers, of New York City, of counsel), for the United States.

HULBERT, District Judge.

Respondent moves for leave to file a petition under the 56th Admiralty Rule of the Supreme Court, 28 U.S.C.A. following section 723, to bring in Frank P. Nendza as a party respondent.

This suit in Admiralty was commenced June 5, 1944, to recover damages for personal injuries alleged to have been sustained by a seaman due to the negligence of the respondent which owned, or chartered, or for whose account the vessel upon which the libelant was employed, was operated. The libel alleges:

"That by reason of the negligent failure of the respondent, its agents, servants and employees to perform the foregoing duties on or about the 23rd day of January, 1944, at approximately 8:00 A. M., while libellant was engaged in the course of his duties on board said vessel and while in the galley cooking eggs for breakfast, a pot on said galley stove boiled over and the libellant was caused to be burned and he thereby sustained severe and painful personal injuries."

Issue was joined September 2, 1944, and the cause is on the calendar awaiting trial.

Meanwhile, the deposition of Frank P. Nendza was taken on behalf of the libelant. He testified that he was second cook and baker on said vessel; that he worked from 6:00 A. M. to 6:00 P. M., and at the time in question, the ship being then at sea, he was preparing rice pudding, in stirring which, he tried to keep time with the motion of the ship, and splashed some of the hot preparation over the bare arms of the libelant causing "a pretty bad burn." Upon cross-examination the witness admitted he may have been careless, and that while he had received no specific instructions, he was at work in the galley earlier than he should have been.

The respondent contends if it be not permitted to bring in a party who, in the language of the Rule, "may be partly or wholly liable either to the libelant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter" it will encourage the perpetration of frauds whereby fellow servants may be induced to aid and assist claimants, without fear of·personal liability.

■ The contention is a novel one. Libelant could not have joined Nendza originally, because he invokes the provisions of the Jones Act, Title 46 U.S.C.A. § 688, and can, therefore, only sue his employer. Negligence of a fellow servant is not imputable to libelant, nor may the fellow servant rule be availed of as a defense to an action under the Jones Act. Mahnick v. Southern S. S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561, and cases cited. The Jones Act became effective June 5, 1920. The 56th Admiralty Rule (formerly the 59th Rule) was amended in 1921 renumbered 56. See Benedict on Admiralty, 6th Ed. Secs. 349, 351, 352, Vol. 2, p. 533, et seq.

In the case of The M. L. C. No. 10 (The Leviathan, The Southern Cross, The Allan), 2 Cir., 10 F.2d 699, 701, Hough, Circuit Judge, wrote:

"This court has ruled plainly against using the fifty-sixth rule under such circumstances, holding that the intent of the rule is only 'to bring in a party jointly liable for the wrong complained of' in the libel. Aktieselskabet Fido v. Lloyd Braziliero, 2 Cir., 283 F. 62, at page 72. This view of the rule's scope must be now recognized as authoritative in this circuit."

Counsel for libelant cite and rely upon Luckenbach S. S. Co. Ltd., v. Central Argentine Co. The Mobjack, D.C., 298 F. 344, 346.

In that case Judge Learned Hand (then District Judge) concluded his opinion with the statement:

"As in each there is a direct maritime contract between the libelant and the impleaded respondent, the fifty-sixth rule at least gives this court jurisdiction to bring them into the suits and to determine their liabilities *to the libelant*." (Italics mine)

■ The apparent purpose of the respondent, however, is not to bring in the third party for the purpose of determining his liability to the libelant, but to the respondent. Since the libelant could not join the third party, it is felt that the respondent should not be permitted to do so. It can bring an independent action against him. On the other hand, as a matter of practical consideration, if the application were granted it is possible, if not probable, that it would open up a ·field of prolific litigation that would impair and impede and render more expensive the course of litigation in seamen's causes. That, it seems to me, would be violative of the spirit and purpose of the Courts to simplify litigation. The application will be denied. Submit order.