## MANDEL v. UNITED STATES.

### SCHMIDT v. SAME.

Nos. 233, 261, of 1946.

District Court, E. D. Pennsylvania.

Nov. 21, 1947.

Freedman, Landy & Lorry, of Philadelphia, Pa., for libellants.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., for respondent.

McGRANERY, District Judge.

Only one of these cases arises on a motion to dismiss. However, since they involve similar issues, they were argued, and will be considered, together. Libellant Harry Schmidt was a marine engineer employed by the Government as a member of the crew of the Y-95, a vessel operated by the United States. Schmidt became ill and afflicted with tuberculosis while in the service of the vessel and was thereafter removed from her for hospitalization. This suit was instituted for the recovery of maintenance and cure and damages.

Samuel Mandel is suing as administrator of the estate of Robert Willie Dillehay, Jr. Decedent was a member of the crew of the Tug LT-221, and an employee of the United States, when the vessel hit a mine field off Sardinia, causing an explosion and his death. Decedent left a wife and minor child surviving him. His widow received the benefits of a war risk insurance policy and the United States Employees Compensation Commission made an award of $17.50 per month, later increased, on a claim submitted by Mrs. Dillehay on behalf of her daughter. Mrs. Dillehay later executed a release to the United States, the effect of which is disputed. She now sues for damages.

The Government in both cases has filed exceptions to the libel, and in the Mandel case has moved to dismiss. The chief legal issue in both actions is whether a member of a crew of a public vessel who is in the employ of the United States can maintain

an action against the United States under the Public Vessels Act, 46 U.S.C.A. § 781 et seq. There is a factual question as to whether the vessels here involved are public or merchant vessels, and were the disposition of these cases to turn upon a determination of that issue, I would hesitate to make a decision on the record as it now stands. However, that fact, I feel, is not controlling. Libellant in both cases claims that the Public Vessels Act was intended to subject the Government to the same sort of liability growing out of the activities of its public vessels as the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., did concerning its merchant vessels. Therefore, since a merchant seaman employed by the Government upon a merchant vessel can sue the United States under the latter act, it is argued that the fact that the vessels in these cases may be public vessels will not change the result.

The question at issue has not been raised frequently nor definitely decided. The Supreme Court only recently has construed the Public Vessels Act twice. In Canadian Aviator, Ltd., v. United States, 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901, it concluded that the Act allowed suits against the Government not only for damages caused by collisions, but also for damages resulting from the negligence of its employees on a public vessel. In American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, the court again rejected a narrow interpretation of the Act in holding that it allowed suits for personal injuries as well as for property damage. However, in neither case was the injured party a Government employee or a member of the crew of the Government vessel. Other authority is similarly scanty and distinguishable. Thus, it was held that a member of a United States Navy destroyed, or of a submarine, could not sue the Government under the Act. Cf. Bradey v. United States, 2 Cir., 151 F.2d 742, certiorari denied 326 U.S. 795, 66 S.Ct. 484, 90 L.Ed. 483; Dobson v. United States, 2 Cir., 27 F.2d 807. However, the injured persons in these cases were naval personnel, not merchant seamen. In the Bradey case, the court pointed out that the existence of compensation under the United States Employees Compensation Act, 5 U.S.

C.A. § 751 et seq., or Navy pension systems is ground for construing the Public Vessels Act to exclude another remedy for members of the crew of a public vessel. See Bradey v. United States, supra, 151 F.2d at page 743. However, there has been disagreement with the reasoning upon which this holding was based. See United States v. Marine, 4 Cir., 155 F.2d 456, 459, where a customs inspector, covered by the Employees Compensation Act, was nevertheless allowed to sue the Government.

 The Public Vessels Act provides that a "libel in personam in admiralty may be brought against the United States * * * for damages caused by a public vessel of the United States * * *." 46 U.S.C.A. § 781. The dissent in the Porello case has not unfairly described the majority construction of this statutory phrase as covering "personal injuries due to failure to provide proper working conditions for a longshoreman" [330 U.S. 446, 67 S.Ct. 855]. This is analogous to the constructions apparently called for by libellant in the Mandel case and by the negligence counts in the Schmidt case. Whether or not this statutory language can properly be said to embrace a suit for maintenance and cure as well is a closer question. However, it is my belief that libellants' contentions are substantially correct, that the Public Vessels Act and the Suits in Admiralty Act must be read in pari materia, and that the former was an attempt to equate the Government's liability in the operations of its merchant and public vessels. See Canadian Aviator, Ltd., v. United States, 3 Cir., 142 F.2d 709, 715 (dissent, Biggs, J.); State of Maine v. United States, D.C., 45 F.Supp. 35, 37. Although, for reasons peculiar to their status, members of the armed forces should be excluded from the waiver of sovereign immunity, a seaman's remedies should not vary with the nature of the vessel upon which he is employed by the Government. I feel that these suits would lie under the Suits in Admiralty Act. Cf. Dezerene v. United States, D.C., 59 F.Supp. 797; Stewart v. United States, D. C., 25 F.2d 869. Accordingly, therefore, the fact that these may be public vessels will not affect the jurisdiction of the court. Cf. Krey v. United States, 2 Cir., 123 F.2d 1008.

The Government also claims that the remedy available under the United States Employees Compensation Act bars the libel in these two cases. However, I feel that only actual acceptance of compensation under this Act extinguishes the remedy sought here. United States v. Marine, supra. There is no question that libellant Schmidt has not received any such compensation. In the Mandel case, the effect of the release by Mrs. Dillehay for the award made to her daughter cannot be determined on the record as it now stands.

Therefore, respondent's exceptions in the Schmidt case will be stricken. The motion to dismiss in the Mandel case is denied with decision reserved on the issue of the effect of the release until further evidence is produced.