**JOHNSON v. UNITED STATES.**
**THE Q-14.**
**No. 7219.**

United States District Court.
E. D. Virginia, Norfolk Division.
Nov. 4, 1949.

66

Roy L. Sykes, Norfolk, Va., for libelant.

John P. Harper, Assistant United States Attorney, Norfolk, Va. (George R. Humrickhouse, United States Attorney, Richmond, Va.), for respondent.

BRYAN, District Judge.

By a motion to dismiss his libel the question is here raised whether a minor, employed by the United States as a seaman, may, on the ground of infancy, renounce his acceptance of compensation under the Federal Employees Compensation Act, 5 U.S.A. § 751, and sue the United States under the Public Vessels Act, 46 U.S.C.A. § 781.

The libel, and the stipulation of facts upon which the motion was submitted, shows that seaman Herbert L. Johnson was injured on October 13, 1946 while employed by the United States as a deckhand aboard the Patrol Boat Q-14, owned and operated by the United States in patrolling the fleet of dead ships moored in the James River, just west of Hampton Roads, Virginia. At the time he was nineteen years of age. Immediately following his injury, the libelant received emergency hospitalization at a nearby Army hospital, and in a few days was transferred to the United States Marine Hospital at Norfolk, Virginia, where he remained until February 17, 1947. On January 30, 1947 he filed a claim for compensation for his injuries, under the Federal Employees Compensation Act, and was paid, and he accepted payment of, compensation for the period from October 20, 1946 to March 13, 1947.

On June 17, 1948 the present libel was filed by Johnson against the United States, under the Public Vessels Act, 46 U.S.C.A. § 781 et seq., to recover damages for his injuries, which are ascribed to the negligence of another employee of the United States also then aboard The Q-14. The respondent filed exceptive allegations, setting forth the receipt by libelant of compensation and other benefits under the Act, and now moves to dismiss the libel on the grounds (1) that the exclusive remedy of the libelant was compensation under the Federal Employees Compensation Act, and (2) libelant's acceptance of the benefits of the Compensation Act barred any other recovery against the United States. Principally the libelant contends that as a minor he is not bound by his election to take compensation, but that he may on the plea of infancy renounce such election, as well as his acceptance of the compensation benefits, and sue in admiralty for damages. He says too that by virtue of the provisions of the Clarification Act, 50 U.S.C.A.Appendix, § 1291, he was not eligible to re-

ceive the benefits of the Compensation Act, and that his receipt thereof is of no effect in law. We proceed to a discussion of these contentions.

■ The Clarification Act, 50 U.S.C.A. Appendix, § 1291, insofar as it excepts seamen from the provisions of the Federal Employees Compensation Act, 5 U.S.C.A. § 751, has no applicability here. As appears from its provisions, subsection (a) and (i), the former act deals only with seamen employed through the War Shipping Administration, and there is nothing here to show that the libelant was such an employee.

■ It is equally clear that the libelant as a seaman was not compelled to accept compensation; it was optional with him. He had the right to sue his employer, the United States, in admiralty instead. United States v. Marine, 4 Cir., 155 F.2d 456; Mandel v. United States, D. C. E. D. Pa., 74 F.Supp. 754, 756. This rule is now made statutory by the Federal Employees Compensation Act Amendments, Public Law 357, 81st Congress-1st Session, approved October 14, 1949, sections 201(b), 303(g) and 305(b), 5 U.S.C.A. § 757 and note, § 791—4(b). Compensation once accepted, however, has always barred, and still does bar, an employee, who is sui juris, from any other remedy against his employer, the United States. Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696; Brady v. Roosevelt S. S. Co., 317 U.S. 575, 587, 63 S.Ct. 425, 87 L.Ed. 471; Militano v. United States, 2 Cir., 156 F.2d 599. This result is not altered by the Amendments, because their pertinent sections, 201 303(g) and 305(b) do not purport to do anything more than preserve the right of the seaman to sue, and nowhere allow him to take compensation and then sue.

The question then is whether an infant seaman-employee of the United States is bound by his acceptance of compensation from the Government or may, on the ground of infancy, disaffirm his acceptance and sue for damages. We hold he cannot.

■■ An infant who is eligible to, and does, accept employment with the United States thereby receives all the benefits, and assumes all the burdens, of adult employment. It is an employment contract created and controlled by statute, and the common law concept of contracts of infants is thereby ousted. In our opinion the laws of the United States extending employment to a minor must be presumed to take into consideration his minority, and when they admit him to employment, he is bound to the obligations of that employment as fully as an adult, unless excepted by statute, and we know of no exceptions relevant here. As we have seen, one of these obligations is that acceptance of compensation precludes any other remedy against the United States.

This holding is sustained by the Compensation Act itself. No distinction is made by reason of the claimant's age. An "employee" is defined as including *"all* civil employees of the United States". 5 U.S.C.A. § 790; sec. 108(b) of the Amendments. If a minor were not bound by the Act, its administration would be almost impossible. How could the United States otherwise ever make a conclusive settlement with an infant employee? There is no place or forum for the appointment of a next friend to assert his claim, and the requirement of a guardian to seek or receive the benefits of the Act would nullify its purpose of speedy and convenient relief to the employee, including an infant. This is all the more convincing when we consider the great number of infants in the Government's employ. Nor can it be said that Congress was unmindful of the occurrence of infancy in its contracts of employment, because in Sec. 6 of the Act, 5 U.S.C.A. § 756 (sec. 6(d) of the Amendments) directing an increase of benefits to a minor under certain circumstances, we find Congress according special consideration to infants. The Act contains at least one instance of necessary election by the employee but makes no different provision for infants in such circumstances. 5 U.S.C.A. § 757, as amended July 1, 1944. Moreover, no saving clauses in favor of infancy toll the time limitations in the Act. 5 U.S.C.A. §§ 767, 770, and sec. 304 of the Amendments, 5 U.S.C.A. § 791—2.

We think the status of employees of the United States distinguishes this case from those in which renunciation by an infant-

employee of his acceptance of compensation from a private employer has been permitted. We think the Federal Employees Compensation Act is analogous to the Virginia and West Virginia statutes, and puts minors on the same plane of obligation with adults. Humphries v. Boxley Bros. Co., 146 Va. 91, 135 S.E. 890, 49 A.L.R. 1427; Mains v. J. E. Harris Co., 119 W.Va. 730, 197 S.E. 10, 117 A.L.R. 511.

The libel will be dismissed with costs to the United States.