**FRADER v. UNITED STATES.**

United States District Court
S. D. New York.

April 17, 1950.

Bertram J. Dembo, New York City, Jacob Rassner, New York City, of counsel, for libelant.

John F. X. McGohey, New York City, Louis E. Greco, New York City, of counsel, for respondent.

S. H. KAUFMAN, District Judge.

Libelant moves to strike as insufficient in law exceptive allegations filed by respondent to a libel brought against the United States to recover damages for injuries and for maintenance and cure. Jurisdiction is alleged to arise under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., the Public Vessels Act, 46 U.S.C.A. § 781 et seq., and the War Ship-

ping Administration (Clarification) Act of 1943, 50 U.S.C.A.Appendix, § 1291. The parties have stipulated as to the facts. Upon that stipulation the following findings and conclusions are made.

### Findings of Fact

1. At all times herein material libelant was a civil service employee of the United States and was employed by the Transportation Corps, Water Division, New York Port of Embarkation of the Department of the Army, as a seaman on a public vessel of the United States.

2. On February 22, 1946, libelant sustained injuries as a result of falling on a gangway.

3. Thereafter libelant filed applications for compensation benefits under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq.

4. In addition to receiving medical treatment without charge, libelant received and accepted compensation benefits from the United States Employees' Compensation Commission in the sum of $594.97 for the period from February 22, 1946 to September 3, 1946 and $116.23 for the period from November 16, 1946 to January 7, 1947.

5. Subsequent to the receipt and acceptance of those benefits, and on August 8, 1947, this libel was filed.

### Discussion

Libelant, as a civil employee of a branch of the Government of the United States, was entitled to the benefits of the Federal Employees' Compensation Act. He was not excluded from the coverage of that Act by the Clarification Act, as he was not employed through the War Shipping Administration. Militano v. United States, 2 Cir., 156 F.2d 599, 601; Johnson v. United States, D.C., 89 F.Supp. 65, 1950 A.M.C. 170, 171.

It may be assumed that libelant could have brought a suit against the United States under the Public Vessels Act, even though he was within the coverage of the Compensation Act. Mandel v. Unit-

ed States, D.C., 74 F.Supp. 754; Johnson v. United States, supra, 89 F.Supp. 65, 1950 A.M.C. at page 171; Cf. Jentry v. United States, D.C., 73 F.Supp. 899; see § 201, Federal Employees' Compensation Act Amendments of 1949, 5 U.S.C.A. § 757(b). Having filed a claim under the Compensation Act, and having received and accepted compensation, he elected his remedy and surrendered any right of action he may have had against the United States under any other Act. Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696; Militano v. United States, supra; Johnson v. United States, supra; see Brady v. Roosevelt S. S. Co., 317 U.S. 575, 581, 63 S.Ct. 425, 87 L.Ed. 471; United States v. Marine, 4 Cir., 155 F.2d 456, 459.

■ Libelant contends, however, that since there was no "final award" by the Commission, no binding election has been made. The documents submitted on this motion show that libelant made periodic claims for benefits and that he received and accepted the payments that were awarded to him pursuant to those claims. Nothing more is required to constitute an effective election. Parr v. United States, 10 Cir., 172 F.2d 462.

Nor is this result changed by Section 303(g) of the Federal Employees' Compensation Act Amendments of 1949, 5 U.S. C.A. § 757 note. That section has no application to a pending action in which an effective election had previously been made. Johnson v. United States, supra, 89 F.Supp. 65, 1950 A.M.C. at page 172.

### Conclusions of Law

1. This court has jurisdiction of the parties and the subject matter of this action under the Public Vessels Act.

2. Libelant elected to receive compensation under the Federal Employees' Compensation Act prior to the institution of this suit.

3. Libelant is barred from maintaining this suit.

The motion to strike the exceptive allegations is denied, the exceptions are sustained, and this libel is dismissed.

Submit decree.