## WRIGHT et al. v. UNITED STATES
### and three other cases.
### Nos. 25301, 25302, 25316, 25473.

United States District Court
N. D. California, S. D.

Dec. 7, 1950.

William E. Barden, Jackson E. Nichols, Stanley M. Fernwood, Edward M. Tonini and William J. Gintjee, San Francisco, Cal., for libelants.

C. Elmer Collett, San Francisco, Cal., for United States of America, respondent.

HARRIS, District Judge.

Libelants, members of the crew of the U. S. A. T. General Buckner, were injured in line of duty during life boat drill on October 22, 1948. They have joined their several libels against the United States in view of the fact that the law applicable to each of them is the same and the only factual differences rest in the extent of their respective injuries.

After the accident in question, libelants were taken to the Marine Hospital where they were given treatment. Wright remained a hospital patient until December 31, 1948, Doerr until January 18, 1949, and Villanueva until March 24, 1949. Since those respective dates they have continued to receive treatment as out-patients.

Shortly after their admission to the hospital, libelants received as visitors representatives of respondent who explained to libelants their compensation rights under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq. Libelants, with the assistance of the Government representative, prepared applications for compensation. Shortly thereafter separate awards of disability compensation were made to libelants in the sums to which they were entitled under the Compensation Act. Since the original date of the award, each libelant has received from the Government and accepted compensation in accordance with the award.

Shortly after libelants obtained awards based on their applications for relief and commenced receipt of compensation under their awards, they filed the instant libels for damages in admiralty. Respondent in reply to the actions filed under the Public Vessels Act has denied liability on the ground that the District Court lacks jurisdiction to award relief under the provisions of the Public Vessels Act, 46 U.S.C.A. § 781 et seq. In addition, the Government asserts that the relief afforded by the Federal Employees' Compensation Act, supra, is exclusive, and finally, that libelants by reason of their having accepted compensation under the Federal Employees' Compensation Act have elected this remedy and have therefore barred themselves from pursuing any other remedy.

In the light of Judge Goodman's opinion, in the case of Gibbs v. United States, D.C., 94 F.Supp. 586, the final contention of the Government made in its motion to

dismiss, namely, that libelants have accepted awards under the Federal Employees' Compensation Act and have thus elected their remedy, is found to be meritorious and a bar to the several libels submitted to this Court for ruling.

In this connection the Court finds that libelants freely and voluntarily received and accepted the awards and compensation under said Act, without coercion, misrepresentation or fraud on the part of respondent or its agents.

It Is Ordered that respondent's motion to dismiss the libel herein be and the same is hereby granted, upon preparation of findings of fact in accordance with the foregoing. Respondent to recover costs.