**VATUONE v. UNITED STATES.**

No. 25476.

United States District Court
N. D. California, S. D.

Dec. 20, 1950.

Ryan & Ryan, San Francisco, Cal., for libelant.

Frank J. Hennessy, U. S. Atty., by C. Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for respondent.

HARRIS, District Judge.

Rina Vatuone, administratrix of the estate of Paul D. Vatuone, has brought an action against the United States for the death of her husband, who was injured while engaged as a rigger on board the USAT General D. E. Aultman, a public vessel of the United States owned and operated by the United States. Decedent, Paul Vatuone, was a civilian employee of the United States, working for the Department of the Army under the authority of the Secretary of the Army, in accordance with civil service regulations. He was a rigger in the water division, maintenance and repair branch, Shop Section, Fort Mason, San Francisco, California.

The government contends, first, that libelant's claim is barred because the United States Employees' Compensation Act, 5 U.S. C.A. § 751 et seq., is exclusive as to all employees of the United States covered by the Act. Respondent contends, second, that the claim is barred under provisions of 46 U.S. C.A. §§ 742 and 789 under which the United States is entitled to all exemptions and limitations of liability accorded to owners, charterers, operators or agents of vessels whereby the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., are exclusive. The government asserts, third, that libelant has invoked her claim under the Employees' Compensation Act and is therefore barred from pursuing her remedy, if any, under the Public Vessels Act, 46 U.S.C.A. § 781 et seq.

■ With respect to the Government's contention that libelant's claim is limited to an award under the Employees' Compensation Act, this court has recently held that

one in libelant's position may elect her remedy if suit was commenced prior to the amendment to the Employees' Compensation Act. Gibbs v. United States, D.C., 94 F. Supp. 586; Wright v. United States, D.C., 95 F.Supp. 77. See also United States v. Marine, 4 Cir., 155 F.2d 456. These decisions also dispose of respondent's contention advanced under 46 U.S.C.A. §§ 742 and 789.

■ The sequence of events in Mrs. Vatuone's case demonstrates that she commenced her libel under the Public Vessels Act after she had filed her claim but before an award was made by the government. She returned her check in the amount of $137.28 to the government when it arrived and at no time did she accept any compensation. These facts place the instant case within the language of Mandel v. United States, D.C., 74 F.Supp. 754, 756, wherein the court said: "* * * I feel that only actual acceptance of compensation under this Act extinguishes the remedy sought here."

Libelant did not accept compensation and is entitled to enforce her rights against the United States under the Public Vessels Act.

Accordingly, and based on the evidence adduced at the trial, the Court awards libelant damages in the amount of $40,000, together with costs. Libelant to prepare findings consistent with this decree. The government's motion to dismiss the libel is denied.