RAY LAMBERT *v.* BOARD OF EDUCATION OF NICHOLAS COUNTY, *a corporation*

(No. 7900)

Submitted February 28, 1934.    Decided March 6, 1934.

694

*Emmett Horan* and *C. E. Mahan, Jr.*, for relator.
*G. D. Herold* and *A. N. Breckenridge*, for respondents.

MAXWELL, JUDGE:

Relator, whose term as sheriff of Nicholas County expired December 31, 1932, seeks by mandamus to compel the board of education of said county to lay special levies for the payment of certain school district orders held and owned by him, issued by the boards of education of the following named districts in the fiscal year 1932-33 as follows: Beaver District teachers' fund $1,831.91, Jefferson District teachers' fund $1,800.49, Summersville District new building fund $192.39. Since the issuance of said orders, the county unit law has been enacted. Chapter 8, Acts of First Extraordinary Session of the Legislature 1933. Under the provisions of that Act the newly created county boards of education are responsible for the lawful debts and obligations contracted by the district boards which the county boards superseded. See Article 5, section 5, and Article 9, section 2(a).

Lambert as sheriff, acting under advice of counsel and of certain state officials who relied on Code 1923, chapter 41, section 16 (Code 1931, 7-5-10), as applied in *State* v. *Melton*, 62 W. Va. 253, 57 S. E. 729, and *State*, v. *Davis*, 74 W. Va. 261, 82 S. E. 207, accepted many county and district orders in payment of taxes even though at the time of such acceptance the funds were exhausted against which such orders had been drawn. Subsequently, this Court decided, December 11, 1933, in the case of *White* v. *Morton, Sheriff*, 114 W. Va. 29, 171 S. E. 762: "When a taxpayer presents to the sheriff in payment of taxes an order on a fund which is then overdrawn, the taxpayer shall receive credit on his taxes for only so much

thereof as is properly allocated to that fund." Lambert did not act officiously or inadvisedly in this matter. Neither is he a defaulter. This background is indicative of the character of approach which should be made to this problem.

It is denied in the answer that Lambert is the *bona fide* owner of the orders here involved, and it is averred that they were purchased by him with public funds and not with his individual funds. Granted that he did not pay his own money for them, their amounts have now been charged against him by the county board of education and suit has now been instituted by it against him and his sureties on his official bond for recovery of said amounts and other amounts likewise asserted against him. The board of education cannot consistently maintain its position that Lambert is not the owner of these drafts or orders, and at the same time prosecute an action against him for recovery of the amounts thereof. These are lawful orders regularly issued by district boards of education. Most of them were for the payment of school teachers. One was for construction work. The public received full benefit. Under economic stress taxes have fallen off and as a consequence enough money did not result from the tax levies in Nicholas County to pay current expenses of county government and schools. This should not result in making of Lambert a sacrificial victim.

Lambert, as *bona fide* holder of these lawful orders, is entitled to be dealt with as any other *bona fide* owner of school district or county orders. In *Ohio Corrugated Culvert Co.* v. *Logan County Court*, 114 W. Va. 138, 171 S. E. 110, decided October 3, 1933, we held: "The enforcement of county orders by mandamus, requiring the county court issuing the same to lay special levies for their payment, is expressly authorized by section 9, article 5, Chapter 7, Code 1931." Though the said statute does not deal with boards of education, the same situation necessarily exists under general principles. Such boards are responsible for their debts, but inasmuch as their property cannot be levied upon under execution, the creditor may properly resort to mandamus. These are familiar principles.

We note the recent enactment (January 26, 1934) by the Legislature of House Bill No. 263, in effect from passage. It

adds section 12 to article 1, chapter 53 of the Code of 1931. The new section reads:

"Wherever a writ of mandamus, issued to enforce the laying of a levy to satisfy a judgment against a political subdivision of the state, would produce a disturbance in the administration of the financial affairs of the political subdivision not necessary to the protection and enforcement of the right of the creditor, the court may order that the levy be distributed equally over a period of years not to exceed ten, and shall allow the creditor, interest, not in excess of the legal rate, upon the installments."

Being of opinion that the amounts herein involved are not sufficiently large to produce a disturbance in the administration of the financial affairs of the taxing units involved, we consider that the levy can properly be made in one year and that there is therefore no necessity of distributing the same over a period of years.

*Writ awarded.*