PERCY RICHARDSON

*v.*

STATE COMPENSATION COMMISSIONER, *et al.*

(No. 10520)

Submitted January 14, 1953. Decided February 10, 1953.

*Townsend & Townsend, R. L. Theibert,* for appellant.

*Dayton, Campbell & Love, Charles M. Love,* for appellees.

LOVINS, JUDGE:

Percy Richardson, claimant, filed his application for compensation benefits on the grounds that he was suffering from silicosis. The State Compensation Commissioner, hereinafter designated as commissioner, after investigation, made certain nonmedical findings, hereinafter detailed, and referred the claim to the Silicosis Medical Board for review, to which action the employer protested.

A hearing was held on such protest, after which the commissioner affirmed his former order. The Silicosis Medical Board, under date of January 18, 1952, found that claimant was suffering from silicosis and that his capacity for work had been impaired by that disease, thus classifying claimant's malady as silicosis of the second stage. Following the finding of the Silicosis Medical Board, the commissioner affirmed the finding of the Medical Board and awarded claimant compensation in the sum of $2000.00 to be paid in one payment.

The employer appealed to the Workmen's Compensation Appeal Board, who reversed the commissioner's order

and denied the claimant compensation benefits, from which order claimant appealed to this court.

It is undisputed that the claimant has silicosis in the second stage. This appeal turns upon questions concerning the time the claimant was employed and whether his application for benefits was timely filed.

The first order made by the commissioner finds that claimant had been employed in various capacities by the United States Steel Company and its predecessors, "in account", since July 10, 1940, and that he continues to work in that employment, that he worked in the capacity of motorman, brakeman and driver until May 11, 1950, since which time he has worked on the outside; that he previously worked in mines in Alabama and Kentucky, commencing in the year 1918, as a trapper, driller, coal loader and brakeman. From such factual data, the commissioner concluded that the claimant had been exposed to the hazard of silicon dioxide dust for a continuous period of not less than 60 days, while in the employment of the United States Steel Company, and within 2 years prior to the filing of his application on July 27, 1951; that he had also been exposed to such hazard for a continuous period of not less than 2 years during the 10 years immediately preceding the filing of his application.

At the hearing it was shown by stipulation, among other facts, that the claimant worked for the United States Coal and Coke Company at Gary, (possibly Gary, West Virginia) from July 8, 1940, to November 11, 1940; that he was unemployed from November 11, 1940 to 1942, but was employed on January 19, 1942, at Number 6 Mine, location not disclosed, that he worked for that company until May 31, 1943. Claimant was unemployed until June 10, 1943, when he was reemployed at the same mine as a brakeman and continued to work in that capacity through September 8, 1948. Claimant was discharged on the last mentioned date but was reemployed at the same mine on September 23, 1948, as a track helper. On March 9, 1949, he commenced working as a motorman and continued to

work until May 9, 1949, when his employment was terminated. He was reemployed on May 24, 1949, as an inside laborer and worked until March 18, 1950. He was evidently idle from March 18, 1950, until May 11, 1950, because of illness. He returned to the employment at Number 9 Mine May 11, 1950; has since that date worked outside the mine.

The testimony shows that claimant worked for the United States Steel Company, or the United States Coal and Coke Company, its predecessors, at Number 9 Mine, commencing on June 3, 1949, and ending July 27, same year, 19 days. It is also established by the testimony, that commencing in August, 1949, up to March 18, 1950, claimant worked 55 days for the United States Steel Company or its predecessors.

Noting above that the claimant's application for compensation was filed on July 27, 1951, the claimant raises two questions: When must a claimant file an application for compensation benefits on the ground he is suffering from the disease silicosis, and (2) what constitutes an exposure of "a continuous period of 60 days"?

The employer, in effect, contends that the two year period referred to in the statutes, herinafter discussed, means within two years immediately preceding the filing of the claim and that continuous exposure means substantially continuous.

There are three pertinent statutory provisions to be considered in resolving the conflicting contentions here made, reading as follows: * * * "Provided, however, that compensation shall not be payable for the disease of *silocosis,* or death resulting therefrom, unless in the state of West Virginia the employee has been exposed to the hazard of silicon dioxide dust over a continuous period of not less than two years during the ten years immediately preceding the date of his last exposure to such hazards. An application for benefits on account of silicosis shall set forth the name of the employer or employers and the time worked for each, and the commissioner may

allocate to and divide any charges on account of such claim among the employers by whom the claimant was employed for as much as sixty days during the period of two years immediately preceding the filing of the application. The allocation shall be based upon the time and degree of exposure with each employer. * * *" Chapter 136, Article 4, Section 1, Acts of the Legislature, 1949, Regular Session.

* * * "To entitle any employee to compensation for silicosis under the provisions hereof, the application therefor must be made on the form or forms prescribed by the commissioner and filed in the office of the commissioner within two years from and after the last day of the last continuous period of sixty days or more during which the employee was exposed to the hazard of silicon dioxide dust * * *." Chapter 136, Article 4, Section 15, Acts of the Legislature, 1949, Regular Session.

"If a claim for silicosis benefits be filed by an employee, the commissioner shall determine whether the claimant was exposed to the hazard of silicon dioxide dust for a continuous period of not less than sixty days while in the employ of the employer within two years prior to the filing of his claim, and whether in the State of West Virginia the claimant was exposed to such hazard over a continuous period of not less than two years during the ten years immediately preceding the date of his last exposure thereto. * * *" Chapter 136, Article 4, Section 15-b, Acts of the Legislature, 1949, Regular Session.

In the discussion following, the foregoing statutes will be referred to by section number, without further designation.

A cursory examination of the statutory provisions quoted may lead to a conclusion that there is an inconsistency or a conflict in such provisions. Upon a thorough examination and analysis however, it becomes clear that such statutory provisions are reconcilable and further, that no ambiguity exists therein.

No ambiguity or inconsistency being present, we con-

strue them by simply applying them in accordance with the plain intent of the legislature, expressed by the statute, though it may not be amiss to advert to some well known rule of statutory interpretation. The intent of the legislature is the law, and the primary object in interpretation and application of the statute is to ascertain and give effect to that intent. The foregoing principle is so well established in this jurisdiction that many authorities could be cited, however, see *McVey* v. *Telephone Co.,* 103 W. Va. 519, 138 S. E. 97; *Cosner* v. *See,* 129 W. Va. 722, 743, 42 S. E. 2d 31. When the intent of the legislature is clear, courts must give it full effect. *Barnhart* v. *Comp. Comm.,* 128 W. Va. 29, 32, 35 S. E. 2d 686. No ambiguity existing, judicial construction is not required. *Hereford* v. *Meek,* 132 W. Va. 373, 387, 52 S. E. 2d 740; *Unemp. Com.* v. *Casualty Co.,* 130 W. Va. 147, 156, 42 S. E. 2d 820; *State* v. *Conley,* 118 W. Va. 508, 524, 190 S. E. 908; 50 Am. Jur. Statute, Section 225.

It is to be supposed that the legislature did not intend an absurd or unreasonable result. *Newhart* v. *Pennybacker,* 120 W. Va. 774, 200 S. E. 350; *McLaughlin* v. *Morris,* 128 W. Va. 456, 461, 37 S. E. 2d 85.

When read and analyzed, the statutory provisions quoted above are not conflicting or inconsistent. They are pertinent to the question here presented, but an analysis of the quoted portions of the statute shows that section 15 is controlling; since no question is raised concerning claimant's exposure for a continuous period of not less than two years in the state of West Virginia, during the ten year period immediately preceding the date of his last exposure as provided in Section 1. Section 1 relates to the allocation of charges against the accounts of multiple employers. The provisions of section 15-b concerns and requires certain findings by the commissioner for the purpose of making a correct allocation of the charges to be made against the accounts of multiple employers. Sections 1 and 15-b should be read and considered together.

As stated above, section 15 controls or determines the

question presented on this appeal. Under provision of section 15, an application for compensation benefits for silicosis is to be filed "* * * within two years from and after the last day of the last continuous period of 60 days or more during which the employee was exposed to the hazard of silicon dioxide dust * * *." The record herein establishes that the claimant had been employed for 10 years in the state of West Virginia prior to the time of the filing of his claim; that he was exposed to the hazard of silicon dioxide dust for a continuous period of not less than 2 years "during the 10 years immediately preceding the date of his last exposure to such hazard". It further shows that he was last exposed to the hazard of silicon dioxide dust on March 18, 1950, and that he filed his application for compensation benefits July 27, 1951, well within the 2 year period provided by the statute.

To apply the statute in any other manner, in view of the clear provisions of the quoted portion of section 15, would lead to an absurd result. Or in other words, it would permit a claimant to file within the time provided by statute, and then deny the allowance of compensation benefits on the grounds that the quoted portion of sections 1 and 15-b prevents the allowance thereof. We think that the legislature intended no such absurd and unreasonable result.

It is contended that claimant did not work 60 days during the 2 years immediately preceding the filing of his claim. Such contention is supported by the record. We do not think however, that section 15 requires that a claimant work the 60 day period during the 2 years immediately preceding the filing of a claim. Even if we should be of the opinion to apply section 15-b, that section does not require that the 60 day period of exposure should be in the 2 years immediately prior to the filing of the application. We therefore hold that section 15 is clear, unambiguous and that the claimant has complied with the provision of that section.

In brief, the phrase "continuous period", found in sec-

tion 15, is discussed. An examination of cases decided in other jurisdictions however, discusses the word "continuous" or equivalent phrases, and have defined such word or phrases as meaning "without interruption" or in such language as to indicate that the period of time was not intermittent. *Wolfe* v. *State,* (Criminal Appeals of Texas), 75 S. W. 2d 677; *Hammann* v. *Industrial Commission of Wisconsin,* (Wis.), 257 N. W. 612; *Boyle* v. *Howe,* (Fla.) 171 So. 667.

A different meaning is given to the synonymous word "continuously" in the fourth headnote to the case of *United States* v. *Fitzpatrick,* (10 C. C. A.) 62 Fed. 2d 562, which reads as follows: " 'Continuously', as used in regulations defining total permanent disability under war risk policy does not denote absolute continuity". See *Romig* v. *Champion Blower & Forge Co.,* (Pa.) 172 A. 293.

Notwithstanding the holdings in the *Romig, Wolfe, Hammann* and *Boyle* cases above cited, we are of the opinion that the word "continuous" or the phrase "continuous period", as used in the statutory provisions herein considered, should not be given a strict and literal meaning. The phrase "continuous period" or word "continuous" as used in the statutory provisions, means reasonable continuity, when related to conditions surrounding the employee's exposure to the hazard of the disease silicosis. To give the phrase or word a literal meaning and require an uninterrupted period of 2 years in one instance and an interrupted period of 60 days in the other, whichever the case may be, would require that before an employee could be eligible for compensation benefit on account of silicosis, that he should have worked on Sundays, holidays, during periods of temporary illness and work stoppages, beyond the employee's control. If such interruptions occurred, the continuity of the exposure to the hazard of silicon dioxide dust would be interrupted. Nevertheless, such interruption, as in the instant case, may not prevent the onslaught of the disease silicosis.

In disposing of this appeal, we are mindful of the well established rule in this jurisdiction that statutory provisions relating to Workmen's Compensation are to be liberally construed. *Walk* v. *Hutchinson Coal Co.*, 134 W. Va. 223, 58 S. E. 2d 791. But as hereinabove stated, construction is not required in the instant case. We apply the statute which expresses the intent of the legislature in plain language.

We are of the opinion that the claimant is entitled to compensation benefits. Accordingly, the order of the Workmen's Compensation Appeal Board is reversed and the order of the commissioner, allowing compensation for second stage silicosis is reinstated.

> *Reversed.*
> *Order of the Commissioner reinstated.*