ALLEN BUMPUS

*v.*

STATE COMPENSATION COMMISSIONER, *et al.*

(No. 10518)

Submitted January 14, 1953.  Decided February 10, 1953.

*Townsend & Townsend, R. L. Theibert,* for appellant.

*Scherer, Bowers & File, L. L. Scherer,* for appellee.

RILEY, JUDGE:

Allen Bumpus, late an employee of Gulf Mining Company, filed an appeal to this Court from a decision of the Workmen's Compensation Appeal Board, dated August 22, 1952, wherein the board vacated and set aside its prior ruling of August 9, 1952, and affirmed the order of the State Compensation Commissioner of May 29, 1952, denying petitioner's application for silicosis benefits on the ground that "claimant was not exposed to the hazards of

silicon dioxide dust for a continuous period of at least sixty days within two years prior to the filing of his claim."

Claimant had worked in coal mines in West Virginia for various employers for more than forty years. From October 14, 1947, to September 14, 1949, he worked for Gulf Mining Company. On the last-named date he ceased entirely to work inside the mines. On September 4, 1951, claimant filed his application for silicosis benefits; and on January 3, 1952, the State Compensation Commissioner denied claimant's application.

A timely protest was made to the commissioner's order, and a nonmedical hearing was set and held on April 30, 1952. At this hearing it was stipulated that the question of claimant's exposure to the hazards of silicon dioxide dust for the time he worked for Gulf Mining Company was not in issue, but such exposure was admitted. At this hearing claimant's representative, W. H. Nelson, of Beckley, employed by the United Mine Workers of America, stated in the record that West Virginia Code, 23-4-15, as amended by Chapter 136, Acts of the Legislature, "1941 [1949]," provides that a claimant has two years from and after the last date of the last continuous period of sixty days' exposure in which to file his claim; and that claimant's application was received in the commissioner's office at least ten days before the two-year period had expired. By letter dated May 29, 1952, addressed to Nelson, the commissioner advised him as follows:

> "This office has consistently taken the position that there must have been a continuous period of exposure within the two year period, and therefore, in effect, reducing the effective filing period for such silicosis applications to twenty-two months from and after the last day of the last continuous period of sixty days or more during which the employee was exposed to the hazard of silicon dioxide dust. This position has been taken even though it appears that Article 4, Section 15 of the Workmen's Compensation Act is not in full accord with Article 4, Section 1 of the same law."

And by order, entered on May 29, 1952, the commissioner affirmed his order of January 3, 1952, denying the compensability of claimant's claim.

An appeal having been prosecuted to the Workmen's Compensation Appeal Board, the board, by order dated August 9, 1952, reversed the commissioner, ruled that the instant claim was timely filed, and remanded the cause for further action, with the proviso that should any award thereafter be made, it should not be charged to the account of the employer, Gulf Mining Company. The Workmen's Compensation Appeal Board, deciding that its order of August 9, 1952, was erroneous, entered the order of August 29, 1952, upon which this appeal is based.

This record presents the basic issue of the interpretation of three sections of the workmen's compensation statute, dealing with the jurisdictional periods of time within which a claim must be filed for silicosis benefits before compensation is allowed. The pertinent provisions of Sections 1, 15, and 15-b of Article 4, Chapter 136, Acts of the Legislature, Regular Session, 1949, read as follows:

> Section 1: "* * * An application for benefits on account of silicosis shall set forth the name of the employer or employers and the time worked for each, and the commissioner may allocate to and divide any charges on account of such claim among the employers by whom the claimant was employed for as much as sixty days during the period of two years immediately preceding the filing of the application. The allocation shall be based upon the time and degree of exposure with each employer. * * *."

> Section 15: "* * * To entitle any employee to compensation for silicosis under the provisions hereof, the application therefor must be made on the form or forms prescribed by the commissioner and filed in the office of the commissioner within two years from and after the last day of the last continuous period of sixty days or more during which the employee was exposed to the hazard of silicon dioxide dust or to the other particular occupational hazard involved, as the case may be,

or, in the case of death, the application shall be filed as aforesaid by the dependent of such employee within one year from and after such employee's death."

Section 15-b: "If a claim for silicosis benefits be filed by an employee, the commissioner shall determine whether the claimant was exposed to the hazard of silicon dioxide dust for a continuous period of not less than sixty days while in the employ of the employer within two years prior to the filing of his claim, and whether in the state of West Virginia the claimant was exposed to such hazard over a continuous period of not less than two years during the ten years immediately preceding the date of his last exposure thereto. * * *."

It is urged by claimant's attorney that the provisions of Sections 1, 15, and 15-b above quoted, read together, need clarification on the question: When must a claimant file an application for silicosis benefits with reference to the last continuous period of sixty days' exposure so as to be entitled to an award of compensation for silicosis?

As the instant record portrays a state of facts which in essential details is identical with that contained in the record in Case No. 10520 of *Percy Richardson* v. *State Compensation, et al.,* handed down herewith, this case is controlled by the decision and the syllabus in that case. It follows that the instant claim was timely filed, and the orders of the State Compensation Commissioner and the Workmen's Compensation Appeal Board should be, and they are, reversed, and the case remanded to the commissioner to determine whether claimant has silicosis, and, if so, in what degree.

As the instant appeal involves only the question whether claimant's claim has been timely filed, we are not at liberty to decide, as counsel urge us to do, the question: "Does Chapter 136, Acts of the Legislature, 1949, require that the claimant be employed by an employer for sixty days during the period of two years immediately preced-

ing the filing of his application before a charge may be made against the employer?"

> *Orders of the State Compensation Commissioner and the Workmen's Compensation Appeal Board reversed, and the case remanded to the State Compensation Commissioner for further proceedings consonant with the principles set forth in this opinion and in the opinion of Richardson v. State Compensation Commissioner, et al.*