BENJAMIN M. WOOTEN

v.

STATE COMPENSATION COMMISSIONER
AND LILLYBROOK COAL CO.

(No. 10847)

Submitted January 9, 1957.   Decided February 19, 1957.

*Ned H. Ragland,* for appellant.

*Scherer, Bowers & File, L. L. Scherer,* for appellee.

BROWNING, JUDGE:

Benjamin M. Wooten, hereinafter referred to as claimant, appeals from an order of the Workmen's Compensation Appeal Board affirming an order of the State Compensation Commissioner denying claimant's application for silicosis benefits on the ground "claimant was not injuriously exposed to the hazard of silicon dioxide dust for a continuous period of not less than sixty days within two years prior to the filing of his application."

The claimant, a coal miner, had been employed at general mine work since 1934 by the Lillybrook Coal Company at Lillybrook, West Virginia. He ceased work on November 13, 1953, and filed his application for silicosis benefits, which was received by the State Compensation Commissioner on Monday, November 14, 1955.

The Commissioner and the Appeal Board, having found that the application was timely filed, the sole issue before this Court is whether the claimant has met the requirements of Code, 23-4-1, as amended, Code, 23-4-15, as amended, and Chapter 131, Acts of the Legislature, Regular Session, 1945, now designated §15b of Chapter 23, Article 4, as amended. The pertinent portions of these statutes are as follows:

23-4-1: To Whom Compensation Fund Disbursed * * *: "Subject to the provisions and limitations elsewhere in this chapter set forth, the commissioner shall disburse the workmen's compensation fund * * * to the employees of such employers as are not delinquent in the payment of premiums for the last quarter in which such employees have been exposed to the hazard of silicon dioxide dust * * *: Provided, however, that compensation shall not be payable for the disease of silicosis, * * * unless in the State of West Virginia the employee has been exposed to the hazard of silicon dioxide dust over a continuous period of not less than two years during the ten years immediately preceding the date of his last exposure to such hazards. An application for benefits on account of silicosis shall set forth the name of the employer or

employers and the time worked for each, and the commissioner may allocate to and divide any charges on account of such claim among the employers by whom the claimant was employed for as much as sixty days during the period of two years immediately preceding the filing of the application. The allocation shall be based upon the time and degree of exposure with each employer."

23-4-15: Application for Benefits; * * *. "To entitle any employee to compensation for silicosis under the provisions hereof, the application therefor must be made on the form or forms prescribed by the commissioner and filed in the office of the commissioner within two years from and after the last day of the last continuous period of sixty days or more during which the employee was exposed to the hazard of silicon dioxide dust * * *."

23-4-15b: Nonmedical Questions Determined by the Commissioner in Silicosis Cases; Hearing: "If a claim for silicosis benefits be filed by an employee, the commissioner shall determine whether the claimant was exposed to the hazard of silicon dioxide dust for a continuous period of not less than sixty days while in the employ of the employer within two years prior to the filing of his claim, and whether in the State of West Virginia the claimant was exposed to such hazard over a continuous period of not less than two years during the ten years immediately preceding the date of his last exposure thereto. * * * The commissioner shall also determine such other nonmedical facts as may in his opinion be pertinent to a decision on the validity of the claim."

While the Commissioner had rejected this claim on the ground that the claimant was not injuriously exposed to silicon dioxide dust "for a continuous period of not less than sixty days within two years prior to the filing of his application", the Appeal Board, recognizing that such action was in direct conflict with the decisions of this Court in *Bumpus* v. *State Compensation Commissioner*, 137 W. Va. 815, 74 S. E. 2d. 262, and *Richardson* v. *State Compensation Commissioner*, 137 W. Va.

819, 74 S. E. 2d. 258, affirmed the order of the Commissioner upon the ground that there was "not a single" day of exposure by the claimant within the two year period immediately preceding the filing of his application. The Board concedes that the application was timely filed by virtue of the provisions of Code, 2-2-3: "The time within which an act is to be done shall be computed by excluding the first day and including the last; or if the last be Sunday, it shall also be excluded * * *." The claimant's application shows that the last day he worked was November 13, 1953; that he was on that day exposed to the hazard of silicon dioxide dust in harmful quantities; and that he had been so exposed continuously prior to that date while employed by this employer for a period of 19 years in this State. If November 13, 1953, is excluded, and November 13, 1955, is included, the latter date would normally have been the last day of the two year period following the time when the claimant ceased to work for this or any other employer. However, November 13, 1955, was a Sunday, and, since Code, 2-2-3, plainly says that in such event that day "shall also be excluded", the filing of this application on Monday, November 14, 1955, was within the two year period immediately following the day on which the claimant ceased work.

In the *Bumpus* and *Richardson* cases, the Court held that the controlling statute, with reference to the time of filing an application for benefits for silicosis, was Code, 23-4-15, as amended, heretofore quoted, which says nothing whatever about the number of days of exposure to which a claimant must be subjected in the two years prior to the filing of his application, so long as he files such claim within two years after "the last day of the last continuous period of sixty days or more" of such exposure.

This Court followed the rule of the *Bumpus* and *Richardson* cases, in the consolidated cases of *Rogers* v. *Compensation Commissioner, et al.,* and *Martin* v. *Compensation Commissioner, et al.,* 140 W. Va. 376, 84 S. E.

2d. 218. The periods of exposure to silicon dioxide dust in harmful quantities by the claimants in these four cases in the two year period prior to the filing of the applications for benefits varied from six days to fifty-five days.

While Code, 23-4-15, as amended, requires the filing of an application within two years from and after the last day of the last continuous period of sixty days or more of exposure to the hazard of silicon dioxide dust, and not within two years from the date claimant was last employed, those events are synchronous upon the present state of the record. Of course, no non-medical hearing has been held by the Commissioner. Thus, the claimant was last exposed to silicon dioxide dust on the last day that he was employed. When Code, 23-4-15, as amended, and Code, 2-2-3, are read together, as they must be, it is apparent that the application was filed within the two year period required by Code, 23-4-15, as amended. Therefore, the filing of his claim on November 14, 1955, was within two years from and after the last day of exposure to silicon dioxide dust if such time is calculated as provided by the applicable general statute, Code, 2-2-3. This Court has held that this Section applies to the construction of statutes in both criminal and civil cases. The second point of the syllabus of *State* v. *Beasley*, 21 W. Va. 777, states: "Our statute—Code, chap. 13, sec. 12—which declares that, 'The time within which an act is to be done shall be computed by excluding the first day and including the last; or, if the last be Sunday, it shall also be excluded,' applies to the construction of statutes in criminal as well as civil cases." It also applies where the operation of a statute of limitation is in controversy. *Lamb* v. *Cecil*, 28 W. Va. 653. Code, 23-4-15, as amended, is a statute of limitation and provides the time within which an application for compensation for silicosis must be filed in the office of the Commissioner, subsequent to the last day of the last continuous period of sixty days or more during which the employee was exposed to the hazard of silicon dioxide dust. It is not necessary to here refer to the

well established rule in this jurisdiction that statutory provisions relating to workmen's compensation benefits are to be liberally construed.

Perhaps it should again be reiterated and emphasized that this Court held in the *Bumpus, Richardson, Rogers* and *Martin* cases that Code, 23-4-15, as amended, is the controlling statute with reference to the time of the filing of an application for compensation benefits for the disease of silicosis, and that Code, 23-4-1, as amended, and Code, 23-4-15b, as amended, relate to the allocation of charges against the accounts of multiple employers. There is no language contained in Code, 23-4-15, as amended, from which an inference could be drawn that a claimant could not file an application for compensation benefits unless he had been subjected to exposure to silicon dioxide dust for a certain period of time within the two year period prior to the filing of his application so long as such application was filed within "two years from and after the last day of the last continuous period of sixty days or more during which the employee was exposed to the hazard of silicon dioxide dust * * *."

Upon the facts in this case and the applicable statutory provisions, it would be paradoxical to say that, while the application was filed within the statutory period, it should be rejected, upon the present record, upon the ground that there was no harmful exposure to silicon dioxide dust within two years prior to the filing of the claim.

The order of the Workmen's Compensation Appeal Board of August 18, 1956, and the order of the State Compensation Commissioner of June 7, 1956, are reversed and the claim is remanded to the Commissioner for further procedure as provided by statute.

*Reversed and remanded.*

GIVEN, JUDGE, dissenting:

The pertinent statutes are quoted in the majority opinion. I think the conclusion reached in the opinion

is correct in so far as it relates to the filing of the application for benefits. I agree that Section 15 of Article 4 of Chapter 23 of the Code, dealing with the time for the filing of the application, and Section 2 of Article 2 of Chapter 3 of the Code, dealing with computation of time, should be considered in *pari materia* and, when considered together, authorize the filing of the application for benefits. The mere filing of such an application, however, does not necessarily entitle the claimant to payment of benefits. To be entitled to benefits he must, in addition to the filing, show that his claim is one coming within the indispensable requisites of the statute.

As pointed out in the majority opinion, claimant ceased work more than two years before the claim was filed. Beyond question, therefore, claimant was not exposed to the hazard of silicon dioxide dust either for a period of two years before the filing of the application or for a period of sixty days within such two year period, for the simple reason that he had not worked for the employer a "single day" for more than two years before the date of filing. Code, 23-4-1, as amended, provides "that compensation shall not be payable for the disease of silicosis * * * unless * * * the employee has been exposed to the hazard of silicon dioxide dust over a continuous period of not less than two years * * *". Code, 23-4-15b, requires that "the commissioner shall determine whether the claimant was exposed to the hazard of silicon dioxide dust for a continuous period of not less than sixty days while in the employ of the employer within two years prior to the filing of his claim, and whether * * * the claimant was exposed to such hazard over a continuous period of not less than two years * * *".

Prior to the enactment of the silicosis statute, no liability existed against a subscriber to the fund as to the disease of silicosis. That act created new liability; in effect, a new cause of action. The liability, however, was not absolute. It was made to depend on different contingencies, or on the existence of certain definite facts. One of such requirements was that the claimant be actual-

ly exposed to the hazard for the period of sixty days of the two year period immediately before the filing of the application. In other words, such exposure was made an absolutely essential element of the liability so created. That essential element is not only clearly set out in the statutory provisions, but the character thereof is clearly preserved in the section dealing with the filing of the claim, Code, 23-4-15, as amended, in this language: "To entitle any employee to compensation for silicosis under the provisions hereof, the application therefor must be * * * filed in the office of the commissioner within two years from and after the last day of the last continuous period of sixty days" of hazardous, exposure. Since the essential element of liability is clearly established to be lacking, I can see no justifiable basis for any allowance of benefits. The action of the majority simply extends liability beyond that created by the statute.

The majority opinion attempts to justify its conclusion on the theory that the statutory provisions, Code, 2-2-3 and 23-4-15b, should be read in *pari materia.* I find no authority, however, which appears to permit two statutory provisions, having distinctly different subject matters, to be so read. Code, 2-2-3, deals solely with "The time within which an act" may be done, while the other pertinent statute deals with liability of an employer to an employee regarding the contracting of the disease of silicosis. "2. Laws relating to different subjects are not in *pari materia." White, Tax Commissioner* v. *Wirt County Court,* 63 W. Va. 230, 59 S. E. 884. See *Vest* v. *Cobb,* 138 W. Va. 660, 76 S. E. 2d 885; *Algoma Coal & Coke Co.* v. *Alexander,* 136 W. Va. 521, 66 S. E. 2d 201; *Thacker* v. *Ashland Oil & Refining Co.,* 129 W. Va. 520, 41 S. E. 2d 111; *White* v. *Morton, Sheriff,* 114 W. Va. 29, 171 S. E. 762; *State of West Virginia* v. *Hoult,* 113 W. Va. 587, 169 S. E. 241; *Hayes* v. *Harris,* 73 W. Va. 17, 80 S. E. 827. Moreover, "The rule that statutes which relate to the same subject should be read and construed together is a rule of statutory construction and does not apply to a statutory provision which is clear and unambiguous." Point 1, Syllabus, *State of West Virginia* v.

*Epperly,* 135 W. Va. 877, 65 S. E. 2d 488. See *Douglass* v. *Koontz, State Tax Commissioner,* 137 W. Va. 345, 362, 71 S. E. 2d 319; *Board of Education* v. *County Court of Tyler County,* 77 W. Va. 523, 87 S. E. 870.

Being of the view that the application for benefits, though properly permitted to be filed, discloses on its face no right in claimant, I respectfully dissent. I would affirm the orders of the State Compensation Commissioner and the Workmen's Compensation Appeal Board.